## GEORGE E. BRISCOE

*v.*

## FRANK LLOYD *et al.*

64   33,
22a 139

64   33
81a 454

1.  FORMER ADJUDICATION—*when bar to suit.* The owners of a quarter of land being indebted to A, gave him five promissory notes, maturing in from one to five years from a certain day after their date, secured by a deed of trust on the land. Subsequently B purchased the quarter by deed from the owners subject to the incumbrance, and sold and conveyed the east half thereof to C. The first and part of the second note being paid, B executed to C a mortgage on the west half of the land to secure the payment of the third note to A, so as to protect C against the same. This mortgage not having been recorded, B sold and conveyed his part of the quarter to D. B having failed to pay the third note, C procured an assignment of all the unpaid notes to himself, and was proceeding to have the west half, or the land of D, sold for their payment. D filed his bill in chancery against C and others for relief, and a decree was rendered finding that C was the owner of the last four of the notes, and the amount due thereon, and apportioned the same upon the lands of C and D respectively. C, in his answer, set up that D's land was liable for the whole sum due on these notes, but failed to disclose or insist on his mortgage from B as to the third note. Subsequently to this decree, E having purchased the west half with notice of the unrecorded mortgage, as it was claimed, C filed his bill against him and B to foreclose his mortgage: *Held,* that the prior decree between the parties then in interest, having fully adjusted their equities, was a bar to the bill to foreclose.

2.  C, having in his answer charged that the land of D was liable for the payment of all the unpaid notes, had a clear right to introduce his mortgage to charge it with the whole of the third note, and to relieve his own land from any portion of it, the question of which piece of land was liable for its satisfaction being directly in issue. But even if this mortgage was not admissible under his answer, he should have set up the defense in that suit in his answer, and having failed to do so when afforded an opportunity, he was precluded from afterwards asserting his lien.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. B. B. SMITH, for the plaintiff in error.

Mr. HENRY C. GOODNOW, and Mr. W. W. WILLARD, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed by plaintiff in error, in the Marion circuit court, against defendants in error. The object of the bill was to foreclose a mortgage executed by defendant Lloyd to plaintiff in error. The bill alleges that on the 10th of May, 1861, Catharine VanNear made a deed of trust to R. H. Whitaker and Wm. Stone, as trustees, of the property in controversy, to secure payment to Samuel Gaty of five promissory notes, for $395.36 each, which were executed by her and Charles VanNear. They bore date the 11th of May, 1861, and bore six per cent interest till due, and ten per cent afterwards, and were due, severally, in from one to five years from the first day of December, 1861.

It is alleged that Catharine VanNear subsequently sold the premises to Lloyd; that he afterwards sold the east half of the quarter to plaintiff in error, and at that time all of the notes remained unpaid, except the first two, and Lloyd executed an agreement or a mortgage to plaintiff in error, to secure the payment of the third note falling due Dec. 1, 1864. The mortgage was on the other half of the quarter retained by Lloyd, and it provided that if Lloyd should fail to pay the note to plaintiff in error, he might sell the mortgaged premises.

In April, 1863, Lloyd sold the land mortgaged to plaintiff in error to Johnson Power, and it is charged that Power had notice of the mortgage, although it was not recorded; that Power conveyed to Joseph C. Power, who conveyed to the wife of Johnson Power. Notice of the mortgage is charged on all of the Powers.

It is charged that the note described in the Lloyd mortgage was not paid by him, and plaintiff in error had paid it, with interest, amounting to $945, and that no one has repaid the amount to him; that Susan Power conveyed this land to Warren Robinson.

The Powers answer, and, amongst other things, set up a decree of the circuit court, affirmed by this court, in which plaintiff in error had all of his equities adjudicated and determined in reference to the matter in controversy by the decree then rendered, and they claim and insist that plaintiff in error is barred by that proceeding from having further relief.

Robinson answered, and, amongst other things, sets up the decree in the case of Johnson Power against plaintiff, Edgar Briscoe, and Whitaker, as a bar to this proceeding. The answer insists that the rights of plaintiff in error were fully settled and adjusted by that decree. Previous to rendering that decree, Edgar S. Briscoe had purchased the unpaid notes of Gaty, and was proceeding to sell that part of the land purchased by Power to satisfy the amount still unpaid. The decree in the former case finds that four of the notes, being the 2d, 3d, 4th and 5th of the series, were assigned to Edgar S. Briscoe in the year 1865, and that on the first of these notes $106 had been paid, and that the balance due on them was $1442.82, and that the *pro rata* share of that sum, with which Power's half of the land was burthened, amounted to $647, and the amount with which Briscoe's portion of the land was burthened was $795.82, and it was ordered that each pay the amount so found against them respectively, or their several portions of the land be sold to satisfy the amount. The court also found that the note first falling due in the series had been paid.

Thus it will be seen that both plaintiff in error and Power, then the owner of the land against which it is sought to foreclose this mortgage, were parties as well as the legal holder of the notes, and the court, in rendering its decree, ascertained and took into account the amount due upon the note falling due the first of December, 1864, and added it to the gross sum found to be due, and one-half of that note was embraced in the *pro rata* share Power was required to pay to release his land from its payment. It thus appears that Power's share

of this note has been paid under that decree, or Power's land is subject to be sold to satisfy the same.

The entire matter has been adjudicated when the subject matter and all of the parties in interest were before the court, and that adjudication must be held final and conclusive on the parties, and we can see no pretense for opening the decree or to contradict it by evidence, or for otherwise disregarding the rights settled by that adjudication.

In that suit, plaintiff in error, by his answer, insisted that Power's half of the quarter was liable to pay all of the mortgage money, and that his was exempt. If, then, he relied on this mortgage, why not present it to exonerate his land from the payment of any portion of this note? The mortgage was then due, the condition had been long since broken, and the very question of the extent of the liability of his land was as fully in issue then as now. The mortgage would have been admissible in evidence under his answer, and had he offered it he would have then received a reduction to the extent of the note falling due on the first of December, 1864.

If a person were to set up a counter claim in any suit, and fail to adduce evidence to prove it on the trial, he would be barred from recovering on the same claim in any other action he might afterwards bring, and it is under the familiar rule that it is *res adjudicata*, and can not be questioned in a collateral proceeding.

But if it were conceded that he could not have read this mortgage in evidence under his answer in that suit, the whole matter was then in litigation; the land, the notes, and the parties in interest, were all before the court, and he not only could, but should, have set up the defense; and failing to do so, he can not now be heard to insist upon it as a ground of recovery. This very note, and the question as to its being a lien on appellees' land, was then in direct issue, as fully so as at present, and where such issues are directly made, parties are bound to establish their rights or be barred from afterwards asserting them. Courts will not permit questions once

before and determined by a court of competent jurisdiction to be questioned and litigated in another and collateral proceeding. Litigation must have a termination, and when a matter has been in issue, and the parties before the court, and opportunity afforded to assert their rights, they must be held concluded from afterwards litigating them in another proceeding.

That bill proceeds upon the ground that this land of plaintiff in error was liable to pay one-half of this and the other notes, and the court so decreed. This bill proceeds upon the ground that this land was not liable, and hence seeks to avoid the effect of that decree.

In either view of the case, then, the court below did right in dismissing the bill, and the decree of the court below must be affirmed.

*Decree affirmed.*