Adolph Ruegger *et al.*

*v.*

The Indianapolis and St. Louis Railroad Company.

*Filed at Mt. Vernon January 16, 1882—Re-filed June 21, 1882.*[*]

1. Former adjudication—*when a bar to relief, or relief on new ground.* Where the same matters involved in a suit in equity were involved in a prior suit, though in the United States Circuit Court, and the two suits were between the same parties, the decision in the prior suit will be conclusive on the trial of the second suit brought in the State court.

[*] Subsequently to the filing of the opinion in this case, in January, 1882, a rehearing was granted, but upon further consideration the opinion was re-filed as the opinion of the court.

450     RUEGGER *et al. v.* I. & ST. L. R. R. Co.     [June

Brief for the Plaintiffs in Error.    Opinion of the Court.

2. Where a suit is brought in the United States Circuit Court to enjoin the collection of a certain tax for certain years, which relief is denied on a final hearing on the merits, and the bill dismissed, this will be a bar to a bill filed by the same complainant against the collectors of the same counties, seeking the same identical relief, although other reasons and grounds may be alleged in the second suit for granting the same. A prior adjudication between the same parties is conclusive upon them, not only as to the matters actually determined, but as to every other thing within the knowledge of the parties which might have been set up as a ground for relief or defence.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. WISE & DAVIS, for the plaintiffs in error:

A former adjudication by a court of competent jurisdiction is conclusive in any subsequent suit between the same parties for the same subject matter. *Hamilton* v. *Quimby et al.* 46 Ill. 90; *Rogers* v. *Higgins et al.* 57 id. 244; *Kelly et al.* v. *Donlin et al.* 70 id. 378; *Garrick et al.* v. *Chamberlain et al.* 97 id. 620.

Mr. JOHN T. DYE, for the defendant in error.

Mr. CHIEF JUSTICE CRAIG* delivered the opinion of the Court:

This was a bill in equity, brought by the Indianapolis and St. Louis Railroad Company, on the 22d day of June, 1878, against the collectors of the several counties of Madison, St. Clair, Macoupin, Montgomery, Christian, Shelby, Moultrie, Coles and Edgar, to enjoin them from levying upon and selling the rolling stock and personal property of complainant, by virtue of tax warrants issued to them by the clerks of the various counties, to collect certain taxes assessed by the State Board of Equalization upon capital stock for the years 1873, 1874, 1875 and 1876.

In the bill, as originally filed, it is alleged that complainant is a corporation organized and existing solely under the

---

* At the time of filing this opinion originally, Mr. JUSTICE CRAIG was Chief Justice.

laws of Indiana; that it became incorporated under the laws of that State by articles of association entered into on the 28th of August, 1867; that complainant's general offices are now, and always have been, in Indianapolis, Indiana; that it never became incorporated under any law of Illinois, general or special, or in any manner accepted or recognized any act of the General Assembly of Illinois in regard to complainant, or consolidated its capital stock or franchises with any corporation organized under the laws of Illinois; that it never did, and does not now, own, control or use any capital stock in Illinois, and owns, controls and uses no capital stock except that issued and held by it in Indiana, and uses and controls no franchises other than those granted by Indiana, except as lessees, and has not now, and never had, any indebtedness in Illinois, except for current expenses; that the State Board of Equalization of Illinois, at its first session, in August, 1873, adopted the following rule for the assessment of capital stock, including the franchises of railroad companies created under the laws of Illinois, (setting out said rule *in hæc verba,*) which is the only rule ever adopted by said board for said purpose; that said board, at each of its sessions in 1873, 1874, 1875 and 1876, wrongfully, fraudulently, and without authority of law, assessed the complainant on capital stock and franchise in Illinois, as follows: for the year 1873 the sum of $2,919,184, for the year 1874 the sum of $1,125,139, for 1875 the sum of $1,004,416, and for 1876 the sum of $375,326; that the board, after fixing the value, distributed the same for taxation among the counties on the lines of its road, and fixed the tax thereon (the amount for each year in each county is fully set out); that the board, although well knowing complainant owned, etc., no capital stock, and had no indebtedness in Illinois except for current expenses, applied said rule to complainant as if it was a corporation organized under the laws of Illinois; that said tax is fraudulent and void

because complainant had no capital stock or indebtedness in Illinois; that complainant is a common carrier of passengers and freight, and that in the performance of its duties as such it is necessary for its rolling stock to cross from Indiana into Illinois, but that the *situs* or location of said rolling stock is in Indiana; that it possesses all of said rolling stock as a corporation of Indiana; that said rolling stock is all listed and taxed in that State, and all the taxes thereon in that State have been fully paid by complainant.

On the 9th of December, 1880, complainant by leave filed an amendment to its bill, whereby it is alleged the State Board of Equalization of Illinois assessed the capital stock of the St. Louis, Alton and Terre Haute Railroad Company, for 1873, at $2,919,184; that said St. Louis, Alton and Terre Haute Railroad Company is a corporation of Illinois, owning a railroad extending from Terre Haute, Indiana, to East St. Louis, Illinois; that complainant is a corporation of Indiana, owning a railroad extending from Indianapolis to Terre Haute, in said State; that complainant, by virtue of a lease from the St. Louis, Alton and Terre Haute Railroad Company, has the right to use its rolling stock and machinery on the railroad of said railroad company, for which it pays a rental fixed by said lease, but that complainant owns no railroad in Illinois, and has no capital stock or bonded debt in said State; that the capital stock tax aforesaid is in addition to the tax on real estate and tangible property of said railroad company; that the aggregate amount of said capital stock for the year 1873 was distributed by the secretary of said board, and certified by the Auditor to the clerks of said counties as an assessment against the St. Louis, Alton and Terre Haute Railroad Company, and was not assessed by said State board or certified to said clerks as an assessment of the property of complainant, and is no lien upon its property, and complainant is not bound to pay taxes on said assessment; yet the defendants, to-wit, Adolph Ruegger,

collector of Madison county, (and the others, naming them,) by virtue of warrants issued to them as collectors by said county clerks, are about to levy and sell complainant's rolling stock and personal property used by it upon its leased line in Illinois.

The answer admits that complainant was originally a corporation of Indiana, with its general offices there, as alleged in the bill, but avers that on September 15, 1867, complainant, by written contract recorded, etc., leased from the St. Louis, Alton and Terre Haute Railroad Company, an Illinois corporation, certain lines of railroad and appurtenances in Illinois, which have been held and maintained by complainant ever since; that by an act of the General Assembly of Illinois, entitled "An act relating to the Indianapolis and St. Louis Railroad Company, and to authorize extension of said railroad," approved March 10, 1869, it was enacted as follows: (setting out the act *in hæc verba*.) Section 1 of said act confirms the lease aforesaid, according to its terms.   Section 2 provides that the lessees (complainant), etc., shall be a railroad corporation in this State, under the style of "The Indianapolis and St. Louis Railroad Company," and shall possess the same or as large power as the lessors, and such other powers as are usual to railroad corporations, and authorizes complainant to extend said railroad. (Private laws 1869, vol. 3, p. 316.)   That, as defendants are informed and believe, complainant accepted and acted under said act, and thereby became, and has ever since continued to be in this State, a corporation created and existing under the laws of Illinois, and has ever since held and operated said leased lines; that by the terms of the lease complainant was, during the term thereof, to pay all taxes, assessments and imposts, of whatever kind, which should be charged, levied, assessed or imposed upon said leased road, or that might be charged against the lessees by reason of its ownership of said road; that in pursuance of the assessment of the

State board there was distributed, as capital stock assessment of the St. Louis, Alton and Terre Haute Railroad Company, for 1873, 1874, 1875 and 1876, the sums of money mentioned in the bill; that the taxes so levied were, in pursuance of said lease, charged to complainant, but were not levied as a tax on the capital stock of complainant.

The answer further states, that as to said taxes for 1873, 1874 and 1875, complainant filed its bill in the United States Circuit Court for the Southern District of Illinois, on the 20th of July, 1876, against James L. Vance and others, being the several collectors of the counties aforesaid, impleaded with John Fishback, collector of the city of Alton, in which bill complainant stated it was a corporation of Indiana, and a citizen thereof, with its general offices in Indianapolis, and made an exhibit of its articles of incorporation, as herein, and stated that on September 11, 1867, it leased of the St. Louis, Alton and Terre Haute Railroad Company its line of railroad in Illinois, as described in said lease, and that it held and operated said line under said lease from the date thereof to the filing of said bill, and stating in said bill that it returned to the Auditor correct schedules of its property in Illinois, in said years 1873, 1874 and 1875; that the State board convened in each of said years, and assessed against complainant, as capital stock for said years, the several sums heretofore set out in the bill in this suit; that said assessment was unjust, illegal and void; that said sums had been certified to the county clerks, who had extended the taxes thereon against complainant, and placed warrants in the hands of the collectors of said counties, who threatened to levy, etc., concluding with a prayer for injunction, etc.

It was also alleged in the answer that an injunction was granted; that the defendants in the suit answered the bill, setting up the same matters in defence hereinbefore stated in this answer; that the complainant in the bill afterwards filed an amendment to the bill, and therein set out the act of

1869, and alleged that no person connected with complainant ever organized, subscribed for stock, or did any other act to incorporate under said act, and that no capital stock of the corporation referred to in said act was ever subscribed by the lessees referred to in said lease and act, and that all the capital stock owned by complainant was that subscribed to and issued by complainant, a corporation existing under the laws of Indiana.

The answer further sets up that upon a final hearing a decree was rendered, in which the bill was dismissed at complainant's costs; that an appeal was taken to the Supreme Court of the United States, and the decree affirmed. It is also set up in the answer that as to the tax of 1876 a like bill was filed, answer put in, and a decision rendered thereon as in the other case.

After an amendment was made by complainant to the bill in 1880, defendants filed an answer to the same, in which it was in substance set up that the State board assessed the capital stock of the St. Louis, Alton and Terre Haute Railroad Company for 1873, as alleged in the amended bill; that said railroad company is an Illinois corporation; neither admits nor denies that complainant is an Indiana corporation, as alleged in the amended bill, but avers that complainant is a corporation incorporated under the act of March 10, 1869, and is a corporation of Illinois, and accepted and acted under said act; admits complainant is operating said line of railroad by virtue of the lease aforesaid, but avers that in and by said lease complainant covenanted to pay the taxes, etc., during the term thereof, etc.; admits the aggregate amount of the capital stock of the St. Louis, Alton and Terre Haute Railroad Company for 1873 was distributed by the secretary of the board, and certified by the Auditor as an assessment against said railroad company, but avers the taxes extended thereon were charged to complainant in pursuance of the terms of said lease; admits said capital stock

was not assessed against complainant, but avers the taxes are a lien upon the complainant's property by virtue of the law and the lease aforesaid.

There is but one question presented by this record which it will be necessary to consider, as the determination of that fully settles the rights of the parties. That question is, whether the decree dismissing complainant's bill in the Circuit Court of the United States for the Southern District of Illinois, and affirmed in the Supreme Court, is a bar to a recovery here. If the same matters were involved in that case as are involved in this, and the transactions were between the same parties, the decision must be held conclusive. This principle is so well and fully settled that we deem it necessary to cite but few authorities in support of the rule.

In *Hamilton* v. *Quimby*, 46 Ill. 90, it was held that a former adjudication of the matter in controversy is conclusive between the same parties in a subsequent proceeding upon the same matter, not only as to the matters actually determined, but as to every other thing then within the knowledge of the complainant which might have been then set up as ground for relief, and litigated in the first suit.

In *Rogers* v. *Higgins*, 57 Ill. 244, it was held: "When a complainant in chancery presents his cause of action before the court, he should bring forward and urge all the reasons which then existed for its support. After a determination of the suit the controversy can not be reopened to hear any additional reason which before existed and was within the knowledge of the party, in support of the same cause of action. The principle of *res judicata* embraces not only what has actually been determined in the former suit, but also extends to any other matter properly involved, and which might have been raised and determined in it." See, also, *Kelly* v. *Donlin*, 70 Ill. 378, and *Garrick* v. *Chamberlain*, 97 id. 620.

As to the rule of law there can be no doubt. It then only remains to be determined whether the action set up in the answer was between the same parties, and involved the same matters that are involved in this action. The complainant in each case was the Indianapolis and St. Louis Railroad Company. The defendants were the same, the bill in the Circuit Court of the United States, as here, having been brought against the collectors of certain counties through which the railroad was constructed. The parties to the two bills may then be regarded as identical.

The only point upon which there is room for dispute, is in regard to the matters involved. The transcript of the proceedings in the case in the United States Court was read in evidence, and the decision of the case is reported,—*Railroad Company* v. *Vance*, 6 Otto, 450. From an inspection of the evidence it is apparent that the subject matter of each bill is the same. Each bill was brought for the purpose of enjoining the collection of a capital stock tax assessed by the State board for the years 1873, 1874, 1875 and 1876, upon the capital stock and franchises of the St. Louis, Alton and Terre Haute Railroad Company. The tax in each case which the railroad company sought to defeat was one and the same.

But it is said by counsel for the railroad company, that the issues involved in the case of *Indianapolis and St. Louis Railroad Co.* v. *Vance* were different from the issues involved in this case. In that case the bill sought to enjoin the collection of capital stock taxes against the complainant,—that is, the Indianapolis and St. Louis Railroad Company. In this case the bill seeks to enjoin the collection of capital stock taxes assessed against another corporation,—that is, against the St. Louis, Alton and Terre Haute Railroad Company. We do not regard this point well taken. The taxes sought to be defeated are the same in each suit. The testimony offered in each case shows but one assessment,—one valuation for the same years,—the same tax schedules, and

the same identical tax in question in each case.    It is true a
reason is urged to defeat the tax in this case which was not
urged in the other case, but that can not affect the question.
The court, in the case in the Circuit Court of the United
States, had jurisdiction of the parties and the subject mat-
ter, and the complainant was bound to bring forward every
objection that existed to the validity of the tax, and if he
failed to do so he can not, in a subsequent suit, urge an
objection which he might have insisted upon in the former
action.    Litigation must have a termination, and when a
matter has been in issue, and the parties before the court,
and opportunity afforded to assert their rights, they must be
held concluded from afterwards litigating them in another
proceeding.    *Briscoe* v. *Lloyd*, 64 Ill. 33.

It is not, however, clear that the point now relied upon
was not before the court in the *Vance case.*    The court, in
the opinion in that case, says:    "The defendants, denying
that there had been any assessment upon the capital stock
of the complainant, insisted that the taxes in question were
due upon assessments rightfully made by the State Board of
Equalization of Illinois upon the capital stock and franchises
of an Illinois corporation, the St. Louis, Alton and Terre
Haute Railroad Company, over and above its tangible prop-
erty, for so much of its main line and the Alton branch
thereof as were leased to, and operated in Illinois by, the
Indianapolis and St. Louis Railroad Company, to whom
defendants claimed the taxes in question were therefore
properly charged."    *Railroad* v. *Vance*, 6 Otto, 450.

It is true the complainant alleged in the bill that the
assessment was made against the complainant; but that was
expressly denied, and it was insisted that the assessment
was made against the St. Louis, Alton and Terre Haute
Railroad Company, and, as we understand the decision, the
court held that in fact the assessment was made against
the St. Louis, Alton and Terre Haute Company, but that

the taxes due upon such assessment were properly charged to complainant, under the act of 1869, and the lease under which it operated the road. The court say: "The State board therefore made an assessment upon the capital stock of the lessor corporation (the St. Louis, Alton and Terre Haute Railroad Company) for that portion of the lines of railroad which passed from its control in virtue of the lease of 1867, and then distributed such assessment among the various counties on the lines of the leased railroads, in the proportion that the extent of track in the respective counties bore to the whole length of the leased lines in the State, the taxes due upon such assessment being charged to, and to be collected from, the Indianapolis and St. Louis Railroad Company, which, with the consent of the State of Illinois, as expressed in the act of March 11, 1869, was entitled to have and did have exclusive control and management of such leased lines. The mode thus adopted by the State board was, as we think, in substantial conformity to the laws of Illinois, and affords the complainant no just ground of objection." From this language of the court it is apparent that the manner in which the assessment was made was before the court, and fully passed upon; and the fact that complainant in the case had alleged that the assessment was made against it, instead of alleging, as here, that it was made against the lessor corporation, cut no figure in the case. We are satisfied the decree in the Circuit Court of the United States, as affirmed in the Supreme Court, is a bar to any relief here.

The decree of the circuit court will be reversed and the cause remanded.

*Decree reversed.*