JAMES K. P. BRIDGES ET AL.

v.

JOHN W. TILLEY.

JAMES K. P. BRIDGES ET AL.

v.

MARK DURANT.

SALE BY EXECUTOR—CAVEAT EMPTOR.—In all judicial sales the rule of *caveat emptor* applies. Where a purchaser at an executor's sale, purchases land incorrectly described in the petition and decree, he does so at his own risk of the title, and if he make valuable improvements upon the land, he can have no relief or repayment therefor upon failure of title.

APPEAL from the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed September 29, 1882.

Mr. DANIEL HAY, for appellants; that a party can not litigate a cause by piece-meal, cited Hamilton v. Quimby, 46 Ill. 94.

The principle of *res adjudicata* extends not only to all matters properly involved in the former case, but also all that might have been raised and determined by it: Rogers v. Higgins, 67 Ill. 244; Kelly v. Donlin, 70 Ill. 378.

Real estate of a decedent can be sold only to pay debts: Rev. Stat. Chap. 3, § 97; Fitzgerald v. Clancy, 49 Ill. 465.

Mr. JAMES A. WATTS, for appellee; as to the right of compensation for repairs and taxes, cited Bright v. Boyd, 1 Story, 478; Bishop v. O'Connor, 69 Ill. 438.

The debts were a lien upon the real estate and appellee is entitled to be subrogated to the rights of creditors: McConnell v. Smith, 39 Ill. 279; Hudjin v. Hudjin, 6 Gratt. 320; Valle v. Fleming, 29 Mo. 152.

CASEY, J. Appellee filed his bill in chancery against appellants in the Circuit Court of Washington county. The

bill shows that Lewis J. Bridges died, testate, in May, 1871. That appellants are his only heirs at law. That the will was probated and executors entered upon the duties of their office. That debts to the amount of three thousand dollars were probated against the estate. That at the October term of the Washington Circuit Court, A. D. 1874, the executors of the last will and testament of the said Lewis J. Bridges, deceased, filed a bill in chancery in said court praying for an order authorizing them to sell the lands of the deceased, or so much thereof as might be necessary to pay the debts of the said estate. In that bill the lands were described as the S. ½ N. E. qr. S. ½ N. W. qr. section 36, T. 3 S., R. 2 W., 3 P. M., and the N. E. qr. of the N. W. qr. section 36, T. 3 S., R. 1 west, 3d P. M. Upon the hearing of said bill a decree was entered in accordance with the prayer thereof. A mistake was made in the description of the land in this: the deceased was not the owner of the N. E. ¼ N. W. qr. section 36, T. 3 S., R. 1 west, but was the owner of the S. W. qr. N. W. qr. section 31, T. 3 S., R. 1 W. The latter tract of land was not described in the bill or decree. At the sale, however, it was sold, and appellee became the purchaser thereof. He took possession of the land, paid the taxes thereon, and has made valuable improvements on said land. One half of the purchase money was paid by appellee to the executors who paid the same on the debts of the estate, and the remainder of the purchase money was paid by appellee to a person who held a mortgage on the same premises, and to whom the executors had assigned the note of appellee. The prayer of the bill is, in substance, that the adult heirs be estopped from making claim to the land in dispute, and that appellee be subrogated to the rights of creditors for a proportional part of said purchase money with six per cent. interest on same, and that he be compensated for improvements, and that the amount he had paid for taxes be refunded with six per cent. interest, etc. A demurrer was filed to the bill which was overruled by the court. Appellants answered, and upon a hearing, the decree of the circuit court was in favor of appellee. The record is quite voluminous and the abstract not in any respect a compliance with the rules of this court. It is a mere index to the record. The fifth error assigned is

that the court erred in rendering a decree for complainant, and giving judgment against the defendants.   The Supreme Court of this State have held that in all judicial sales the presumption is, that as the rule of *caveat emptor* applies, the purchaser will examine the title with the same care that a person does who receives a conveyance of land by a simple quitclaim deed.   When he knows there are no covenants to resort to in case he acquires no title, the most careless, saying nothing of the prudent, would look to the title and see that it was good before becoming a purchaser at such sale. As well might a person purchasing by quitclaim deed, file a bill to be reimbursed on the failure of title, as when the purchase is made at the sale by an administrator.   Both kinds of purchase depend on the same rule.   It is the policy of the law to only invest a sheriff, master in chancery, or administrator, in making sales of real estate, with a mere naked power to sell such title as the debtor or deceased had, without warranty, or any terms except those imposed by law.   They are the mere instruments of the law to pass such, and only such title as was held by the debtor or intestate.   Then, if the purchaser in this case observes but ordinary prudence, he has the title, and as a part of it, the proceedings under which he purchased, examined; and whether so or not, we must presume that he determined to take the risk of the title upon himself.   We have no hesitation in saying that the rule of *caveat emptor* applies in this case with its full force.   Bishop et al. v. O'Connor et al. 69 Ill. 431 and authorities there cited. We regard this case as decisive of the question before us. Appellants in their answer set up as a defense to this suit a former adjudication of the matters now in litigation.   The former adjudication was also shown by appellants by way of plea.   The circuit court sustained a demurrer to the plea and exceptions to that part of the answer showing former adjudication.   Without being more specific, we are inclined to the opinion that the ruling of the circuit court in this respect was erroneous.   Rugger et al. v. I. & St. L. R. R. Co. 103 Ill. 449; Hamilton v. Quimby, et al. 46 Ill. 90.   The judgment of the circuit court is reversed.

Judgment reversed.