TERRE HAUTE AND INDIANAPOLIS RAILROAD CO. *et al.*

*v.*

PEORIA AND PEKIN UNION RAILWAY COMPANY.

*Opinion filed October 19, 1899—Rehearing denied December 8, 1899.*

1. PLEADING—*when the plea of non damnificatus is not a good defense in debt.* A general plea of *non damnificatus* is not good in debt as against a declaration based upon the breach of a covenant to pay specified sums of money, although the covenant may have been given by way of indemnity only.

2. APPEALS AND ERRORS—*when appeal bond is not improperly conditioned.* A bond given on appeal from an order dissolving an injunction restraining a terminal railroad company from excluding the appellant company from the use of terminal facilities is, where the injunction is continued at the appellant's request pending appeal, properly conditioned for payment of the rent which the appellant company had been notified, before entering into possession, it would be required to pay, where the controversy is whether such rent is unjust and a discrimination against the appellant.

3. RES JUDICATA—*what is not an available defense in suit on appeal bond.* In an action on a bond given on appeal from an order dissolving an injunction, matter which goes to the merits of the injunction suit and might have been litigated in it is not an available defense, being *res judicata.*

4. INSTRUCTIONS—*instruction concerning matters set up in bad plea is properly refused.* An instruction concerning matters sought to be set out in defense in pleas to which demurrers have been sustained is properly refused.

*T. H. & I. R. R. Co.* v. *P. & P. U. Ry. Co.* 81 Ill. App. 435, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

JOHN G. WILLIAMS, (PAGE, WEAD & ROSS, and T. J. GOLDEN, of counsel,) for appellants.

STEVENS, HORTON & ABBOTT, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The circuit court of Peoria county entered a decree dissolving an injunction, granted at the instance of the appellant company, restraining the appellee company from excluding the appellant company from the use of certain tracks, switches and terminal facilities at the city of Peoria. The appellant company, in compliance with an order granting an appeal from such decree to the Appellate Court for the Second District and continuing the injunction in force pending such appeal, together with the other appellants as sureties, executed a bond conditioned as follows:

"Now, if said Terre Haute and Indianapolis Railroad Company shall duly prosecute said appeal, and shall, moreover, pay all costs rendered and to be rendered against it, and shall pay to said Peoria and Pekin Union Railway Company all damages sustained by it by the continuance in force of said injunction, and shall also pay to said Peoria and Pekin Union Railway Company the sum of $1875 per month for each month from October 1, 1892, to the date of the filing in said circuit court of the decree dissolving said injunction, and for each and every month from said last named date during the pendency of said appeal, less such credits as said Terre Haute and Indianapolis Railroad Company may be entitled to by reason of payments made on said sum, (the said sum of $1875 per month referred to being the rental demanded by plaintiff as a fixed charge, as in defendant's answer stated,) in case said decree appealed from shall be affirmed in said Appellate Court, then the above obligation to be null and void, otherwise to remain in full force and virtue."

The decree was affirmed by the Appellate Court, and the judgment of affirmance was, on a further appeal by the appellant company, affirmed by this court. (*Terre Haute and Indianapolis Railroad Co.* v. *Peoria and Pekin Union Railway Co.* 167 Ill. 296.) The facts recited in the opinion

rendered in the case by this court, and in the statement of the case preceding the opinion, are the same as are disclosed in this record and need not be reiterated here. This is an appeal from the judgment of the Appellate Court for the Second District, affirming the judgment entered by the circuit court of Peoria county against appellants, in favor of appellee company, in an action in debt brought to recover on the said appeal bond. The rulings of the trial court that pleas numbered 3, 6 and 7 were obnoxious to demurrer, and in refusing instructions numbered 1, 7, 8 and 9 asked by appellants, are assigned as for error.

Plea number 3 was a general plea of *non damnificatus.* Such a plea is good only when the condition of the covenant is, in general terms, to indemnify and save harmless. When, as here, the covenant is for the payment of specified sums of money, such a plea is not good as against a declaration which assigns as for a breach of the covenant the failure to pay the specified sums of money. (3 Ency. of Pl. & Pr. 663.) And the rule is the same though it appear the covenant was given by way of indemnity only. *Holmes* v. *Rhodes,* 1 B. & B. 638.

The sixth and seventh pleas do not materially differ. The allegations of each, in substance, are, the appellant company, prior to the institution of the suit in the circuit court for the injunction, had succeeded to the rights of one Genis under the contract between said Genis, as receiver of the Illinois Midland Railroad Company, and the appellee company, whereby the said Genis (and the said appellant company, as successor to the rights of said Genis,) became entitled to the use of said tracks, switches and terminal facilities upon the payment of an annual rental in the sum of $13,000, being $1083.33 per month instead of the sum of $1875 per month specified to be paid for such use by the conditions of the said bond; that said appellant company has paid to the appellee company an amount equal to $1083.33 per month for the

period specified in the bond; that the bond which the circuit court was authorized to require in order the appellant company might perfect an appeal from the decree dissolving the injunction to the Appellate Court and to continue such injunction in force pending such appeal, was a bond of indemnity only, and that the said circuit court was without legal warrant or authority to require such bond to be conditioned for the payment of the said sum of $1875 per month.

The seventh plea set forth with more particularity the averments of the bill filed by appellant company for the injunction, and that such averments, in substance, were, the appellee company was a corporation formed for the purpose of establishing and maintaining a union station for passenger and freight depots, under the act of the General Assembly approved April 7, 1875, entitled "An act authorizing the formation of union depots and stations," etc., (3 Starr & Curtis' Stat. 1896, p. 3251,) and averred the demand of the appellee company that the appellant company should pay the sum of $1875 per month as rental for the tracks and terminal facilities was unreasonable and unjust and a discrimination against the appellant company, and as such was in violation of section 6 of the said act. It appeared from the plea the bill alleged no claim of right in the appellant company under the Genis contract, but relied wholly upon the position the appellee company should be deemed a union depot company under the before mentioned act, and that the said sum of $1875 was an excessive rental and an unjust discrimination against the appellant company. The plea averred the chancellor determined the contention against the appellant company, and dissolved the injunction which had been issued restraining the appellee company from excluding the appellant company from the use and occupancy of said tracks, switches and terminal facilities.

The averments of the pleas with reference to the alleged right of the appellant company to be regarded as

successor to the said receiver, Genis, and, as such, enti-
tled, under the contract held by such receiver, to use and
occupy the tracks and terminal facilities at the rental
of $1083.33 per month, did not present a defense to the
action.  If true, the facts disclosed by the averments of
the pleas existed prior to the filing of the bill for the in-
junction, were known to the appellant company at that
time, and constituted a cause or reason for the relief
prayed for in the bill for injunction.  It was the duty of
the appellant company, if it desired to accept the Genis
contract, to have brought forward the same in the bill
for an injunction, assumed the burden of that contract,
and had its rights, if any, thereunder determined in that
controversy.  It does not appear from the averments of
the pleas any circumstances of fraud, accident or mistake
intervened to prevent the presentation of such cause or
reason, or that the appellant company was then ready
and willing to accept the burdens of the Genis contract.
In truth, as was well said in the opinion rendered by the
Appellate Court, the position of the appellant company
in its bill was antagonistic to the Genis contract and a
virtual repudiation thereof.  A second bill for an injunc-
tion would not be entertained on the theory the appel-
lant company was possessed of right to occupy and use
the tracks and terminal facilities in virtue of the Genis
contract, for the reason the decree entered by the court
in the injunction case is a bar to a second bill for an in-
junction for any cause that existed prior to the first bill,
if known to the complainant and not set up in that bill.
(*Ruegger* v. *Indianapolis and St. Louis Railroad Co.* 103 Ill.
449; *Bailey* v. *Bailey*, 115 id. 551; 2 High on Injunctions,
sec. 1586; 1 VanFleet on Former Adjudications, p. 310;
*Bank of United States* v. *Schultz*, 30 Ohio, 61; 21 Am. & Eng.
Ency. of Law, p. 220.)  The decree must be accepted as
an estoppel or bar of the alleged right of the appellant
company to occupy the tracks, etc., of the appellee com-
pany under and by virtue of the Genis contract, for the

reason that ground for the injunction might and should have been presented in the bill and adjudicated in that proceeding. It is to be deemed as adjudicated and determined adversely to the pleader. The pleas, therefore, proposed to re-open and re-litigate that which was *res judicata.* "In an action upon an injunction bond after dissolution, matters which go to the merits of the injunction suit are not properly admissible as a defense to the action." (High on Injunctions,—3d ed.—sec. 1652.) "Matters which go to the merits of the injunction suit are assumed to have been adjudicated in such suit, and are not admissible in defense in an action on an injunction bond." (*Sipe* v. *Halloway*, 62 Ind. 4.) The pleas were correctly regarded as obnoxious to the demurrers.

Counsel for appellants do not, in their briefs, refer to the alleged erroneous ruling of the court in passing upon instructions. Such objections may be deemed waived. Furthermore, the instructions referred to directed the jury as to matter sought to be set out in defense in the pleas to which demurrers were sustained, and for that reason the instructions were properly denied.

We think it was entirely competent for the chancellor to require the bond in suit to be conditioned for the payment of said monthly sum of $1875. A chancellor would not be justified in requiring such bonds to be conditioned for the payment of sums of money in the way of arbitrary exactions or mere penalties for the privilege of taking an appeal or having the injunction continued in force. But here it appeared to the chancellor, from the proof, the appellant company was notified by the appellee company, before beginning to use the tracks, switches and terminal facilities, it would not be permitted to occupy and use the same unless it paid rental therefor at the rate of $1875 per month, and that it was arranged, as a temporary adjustment, that the appellant company might enter upon the use of the facilities, etc., and have reasonable time in which to investigate as to the contro-

versies, and should, in the meantime, pay at the monthly
rate of $1083.33, but that such occupancy and use of the
property, and the payments at the rate named, should
not prejudice the right of the appellee company to de-
mand and recover the larger monthly payment; that un-
der the arrangement the appellant company entered into
possession of the property in October, 1892; that the ne-
gotiations between the companies failed to result in an
amicable settlement, and the appellee company, on the
19th day of March, 1894, notified the appellant company
it would be excluded from further use of the property on
the 20th day of April, 1894, unless it paid rental, during
the time it had occupied and used the facilities, at the
rate of $1875 per month and effected a permanent ar-
rangement for the further use of the property.   The ap-
pellant company thereupon filed the bill in chancery, and
obtained a temporary injunction restraining the appellee
company from excluding it from the use of the property.
Upon a hearing it was found the equity of the matter was
not with the appellant company and that the injunction
should be dissolved.   The appellant company desired to
appeal the cause and to have the injunction continued
in force until the courts of review could investigate the
controversy.   In such state of case it was entirely com-
petent to require the appellant company to give bond
and security to pay the rental which it had been notified
before entering into the property it would be required to
pay, as a condition on which an order would be entered
continuing the injunction in force during the time neces-
sary for the disposition of the cause in the court of re-
view.   These conditions were fully within the authority
and power of the chancellor under section 22 of chapter
69 of the Revised Statutes, entitled "Injunctions," and
section 68 of chapter 110, entitled "Practice," and it was
proper to incorporate them in the bond required to be
given to perfect the appeal, as the effect of the appeal
was to continue the injunction in force, and thereby to

enable the appellant company to continue in the occupancy and use of the tracks and facilities until the appeal could be decided.

We find the record free from error. The judgment is affirmed.

*Judgment affirmed.*