(No. 1670—■)

Transportation Building Corporation, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 8, 1934.*

Oscar Wyclif Harman .and Charles Oscar Swartz, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant herein seeks to recover rental in the sum of Eighteen Hundred Dollars for quarters occupied by the State Athletic Commission and for electrical service during the time covered by such rental, for the further sum of Thirty-five and 19/100 Dollars. A previous claim for a portion of said amount was filed and heard by this court entitled "Transportation Building Corporation, Claimant, vs. State of Illinois, No. 1545," in which an opinion was filed September 10, 1930, denying said claim; case reported in Volume 6 C. C. R. 423. The present claim was filed November 5, 1930.

Under a stipulation agreed upon by the complainant and respondent, it appears that the Illinois State Athletic Com-

mission occupied certain office premises in the city of Chicago owned by claimant during the months of November and December, 1926, January, February, March and April of 1927, and in May and June of 1929; that the Director of the Department of Finance of Illinois and the Chairman of the Illinois State Athletic Commission entered into a written lease on April 30, 1927, with the claimant for the office rooms occupied by the Commission for the period from May 1, 1927, to June 30, 1929, being a total of twenty-six months, at an agreed rental of Three Hundred Seventy-five Dollars per month; that rent was paid through the Department of Finance to the claimant for such quarters from May 1, 1927, to April 30, 1929, but no rent has been paid for the two remaining months of said lease, namely May 1, 1929, to June 30, 1929; that Three Hundred Seventy-five Dollars per month was the reasonable and usual charge for such office rooms in the city of Chicago during the period occupied; further that the electric light bills set out in the declaration and bill of particulars, amounting to a total sum of Thirty-six and 19/100 Dollars, were ordered from time to time by the State Athletic Commission through its Chairman, in its usual course of business, and that the prices charged for such were the usual and customary prices.

Further that no lease was ever made or entered into for the premises occupied during the months of November, 1926, to April, 1927, either by the Director of Finance or the State Athletic Commission, but that the Chairman of said Commission orally agreed to pay a monthly rental of One Hundred Seventy-five Dollars for said period, and that such charge was a reasonable and usual charge for such office rooms in the city of Chicago during said period.

Further that the Fifty-fourth General Assembly appropriated the sum of Twelve Thousand Dollars for general office expenses of the Illinois State Athletic Commission for use during the 1925-1927 biennium, all of which was expended and no part of which lapsed into the general treasury on September 30, 1927. Further that the Fifty-fifth General Assembly appropriated the sum of Three Thousand Seven Hundred Sixty-two and 50/100 Dollars as an emergency appropriation for office expenses for the Commission for the 1925-1927 biennium, of which an unexpended balance of One Hundred Eighty-four and 49/100 Dollars lapsed into the general fund on September

30, 1927. Further that the Fifty-fifth General Assembly appropriated the sum of Fifteen Thousand Eight Hundred Dollars for general office expenses of said Athletic Commission for the biennium of 1927-1929, all of which was fully expended before September 30, 1929, and no part of which lapsed into the general fund; that no part of the claim of Eighteen Hundred Forty-six and 83/100 Dollars (correct total as per stipulation being $1,836.19), has been paid. Further that claimant on October 28, 1929, filed its declaration against respondent, being case No. 1545, seeking a recovery of rentals under the terms of the written lease for the period of May 1, 1929, to June 30, 1929; that the court had jurisdiction of the parties hereto, in that claim, and found that such contract or lease was void, and on September 10, 1930, denied said claim, and that said judgment still remains in full force and effect; that within the time prescribed by law, the claimant filed its notice of intention to file a petition for rehearing; that such petition was not filed for the reason that claimant herein discussed the matter with the Attorney General, stating its desire to sue for use and occupancy not only for the two months period covered by said lease, but also for an additional period from November, 1926, to April 30, 1927, both inclusive, and it was because of this fact that the Attorney General suggested that claimant file a new claim, basing its right of action on use and occupation instead of presenting the matter on rehearing; that as a result of said discussion, claimant filed its declaration in the case at bar.

As above noted, the stipulation states that while the petition for rehearing was pending, claimant filed the case at bar and abandoned its petition for rehearing on the suggestion of the Attorney General. While the Attorney General may have suggested such a course, the decision to do so was made by the claimant. The Attorney General cannot, nor can any other officer of the State, by stipulation or otherwise admit away the interests and rights of the State in any suit. Such procedure is contrary to public policy. Claimant's bill of $750.00 rent for the months of May and June, 1929, and for $35.04 electric light furnished the Athletic Commission were fully presented, adjudicated and determined in the case of *Transportation Building Corporation* vs. *The State of Illinois*, No. 1545 (6 C. C. R. 423), and to attempt to again obtain

a hearing of that claim by merging same with other items is barred by the rules of *res adjudicata*.

"A judgment in favor of the plaintiff for installments of rent * * * which established the validity of the lease under which the installments accrued is conclusive in a suit between the same parties for subsequent installments, as to all questions concerning the validity of the lease which were raised and determined under the issues in the former suit."

*Louisville N. A. & C. R. Co.* vs. *Carson*, 169 Ill. 247.

"The fact that this relief is claimed under two bills does not preclude a fact decided in the former suit being conclusive in the later suit where the allegations in each bill are substantially alike and all the relief claimed under the later bill could as well have been granted under the former."

*Tilley* vs. *Bridges*, 105 Ill. 336.

"A decree on the merits refusing to enjoin a collection of a certain tax for certain years against a railroad company bars a bill by the same complainant against the collectors of the same counties seeking the same relief, though other references and grounds are alleged for granting the relief."

*Ruegger* vs. *Indianapolis & St. L. Railroad Company*, 103 Ill. 449.

With the foregoing in mind, the court has given consideration to that portion of the present claim which seeks a recovery of the amount involved in the former claim in the light of a petition for rehearing. On a petition for rehearing, unless it is shown that the court overlooked or misapplied the law, then the petition for rehearing should be denied. We have carefully considered the decision in the former case, No. 1545, and the records submitted in the case at bar. Nothing appears in this record to show that the court overlooked or misapplied the law when it announced its decision in No. 1545. The written lease was therein held to be invalid. In the case at bar it is sought to recover upon the entire account without any lease, on the theory that the State, like an individual, is liable for any benefit received, regardless of any valid contract to pay. Claimant, in his reply brief, says that no attempt is made to dispute the findings in the various cases cited by claimant in his original brief. In the original brief, the following cases are cited: *C. I. P. S.* vs. *State*, 5 C. C. R. 29; *Jefferson Printing Co.* vs. *State*, 5 C. C. R. 380; *Rathbun* vs. *State*, 4 C. C. R. 118; *Wilson & Co.* vs. *State*, 4 C. C. R. 140;

*Austin Mfg. Co.* vs. *State,* 4 C. C. R. 106; *Meyers* vs. *State,* 4 C. C. R. 278; *Central Coal Co.* vs. *Illinois,* 4 C. C. R. 312; *City of Chicago* vs. *State,* 4 C. C. R. 345.

In none of the foregoing cases was any objection interposed by the Attorney General's office on behalf of the respondent and the question of legality of an award was not raised in either of the cases. In the case at bar, the claim as to $750.00 rental and $35.04 electric light bill has not only been heard and denied by this court in the former hearing, but counsel for the respondent files herein its plea denying liability under the Constitution of Illinois.

As stated in *Lewson* vs. *The State*:

"The State Legislature biennially makes appropriations for ordinary and contingent expenses, etc., for the operation, maintenance and administration of the several offices, departments, institutions, boards, commissions and agencies of the State government. The elective State officers and the various State institutions know the amount or amounts appropriated for them respectively. The statute of Illinois provides that no officer, institution, department, board or commission shall contract any indebtedness on behalf of the State; nor assume to bind the State in any amount in excess of the money appropriated, unless expressly authorized by law to do so. * * * To allow this claim would be to establish a most dangerous precedent. It would open up the avenues for all State officers and State departments to ignore the limitation of the appropriation for their respective offices or departments if they saw fit so to do and to rely on the Court of Claims to take care of all claims made in excess of such appropriations."

### *Lewson* vs. *State,* 5 C. C. R. 80.

"Each General Assembly shall provide for all the appropriations necessary for the ordinary and contingent expenses of the government until the expiration of the first fiscal quarter after the adjournment of the next regular session, the aggregate amount of which shall not be increased without a vote of two-thirds of the members elected to each house, nor exceed the amount of revenue authorized by law to be raised in such time; and all appropriations, general or special, requiring money to be 'paid out of the State treasury, from funds belonging to the State, shall end with such fiscal quarter."

### Section 18, Article IV, Illinois Constitution.

"No officer, institution, department, board or commission shall contract any indebtedness on behalf of the State, nor assume to bind the State in an amount in excess of the money appropriated, unless expressly authorized by law."

### Section 30, Chapter 127b, State Finance.

"No disbursements from appropriations shall be made for rental of office or other space, buildings or land except in pursuance of a written

lease entered into by the proper State authority and the owner or authorized agent of the property. Such lease shall in no event extend beyond June 30th of the second year following the adjournment of the General Assembly making such appropriation except that the lease may contain a renewal clause subject to acceptance by the State after that date. A copy of such lease or leases shall be filed in the office of the Secretary of State within thirty days after execution."

## Item 2, Section 9, Chap. 127b, State Finance.

"Two members of said (Illinois State Athletic) Commission shall constitute a quorum for the transaction of business, and the concurrence of at least two commissioners shall be necessary to render a determination or decision by the Commission."

## Section 6, Chapter 10b, Illinois Athletic Commission.

As the record shows that the Athletic Commission had exhausted the appropriation made by the General Assembly for its office expense, leaving no funds out of which this claim could be paid, and as Section 3 of the Act in relation to State finances provides that

"No officer * * * or commission shall contract any indebtedness * * * in an amount in excess of the money appropriated, unless expressly authorized by law,"

the Athletic Commission had no power to contract an indebtedness for rent or for any other purpose in excess of the appropriation made for it. Claimant claims that equity should aid him in his predicament. Where the Statute prohibits the doing of a thing, equity will afford no relief. It is a vital part of the duty of the Legislature to carefully ascertain what amount of money should be expended by the various departments of the State during the succeeding two years. To allow this claim under a theory of use and occupation, when not only a legal right therefor does not exist, but does in fact prohibit the claim, would be for this court to exercise rights and discretion with which it does not believe the Legislature intended to vest it. Claim is denied.