## GEORGE HITES *v.* JAMES S. IRVINE'S ADMINISTRATOR.

A bill in chancery was filed by H., charging that he was the equitable owner of certain premises, to which I. had been permitted to acquire the legal title, under an agreement between the parties that I. should hold the legal title merely as a security for the repayment of moneys advanced by I. for the use of H.

The case remained pending for several years, when a final decree was rendered for complainant, finding the facts to be as charged by the bill, and ascertaining the amount of the debt due from H. to I., including interest thereon till the time of decree, and ordering a conveyance of the legal title to H. upon the payment of the sum so found due.

Afterward, H. commenced an action against the administrator of the estate of I. (who was then dead), by petition under the code, stating the foregoing facts, and alleging that during the pendency of the suit in chancery, H. had entered, under his legal title, upon the premises; had used and occupied the same till the date of said decree; had cut down and appropriated timber therefrom, and permitted waste upon the premises; and seeking to recover for such

rents and profits, etc., accruing during the pendency of the proceedings in chancery.

Upon demurrer to this petition, as not stating facts sufficient to constitute a cause of action : Held, that these causes of action were the proper and necessary subjects of adjudication in the chancery suit, and should have been brought to the notice of the court, in that case, by supplemental bill, or otherwise. That this will be presumed to have been done, or that the plaintiff waived his right to do so, and that the petition, therefore, shows these causes of action to be *res adjudicata*.

ERROR to the district court of Holmes county.

The case is stated in the opinion of the court.

*Bartley* and *Critchfield*, for plaintiff in error.

*Barcroft & Voorhes*, for defendant in error.

SCOTT, J.—The amended petition of the plaintiff, in his ·original action, states, in substance, that, in 1846, certain described lands then owned by him, were sold at judicial sale, under an order made in a proceeding which had been instituted against him by a mortgagee of the premises, for the ·enforcement of his mortgage lien ; and that defendant's intestate, Irvine, purchased the premises, at said sale, for the sum of $333.34, which was only two thirds of their appraised value, under a verbal agreement with the plaintiff that he would hold the legal title as a security for the sum so advanced by him in purchasing the premises, until the plaintiff could procure the means of redeeming the premises; the plaintiff agreeing, on his part, to pay Irvine " a certain sum " yearly, as a compensation for his investment. And that Irvine agreed to reconvey the premises upon the repayment of the sum so advanced.

The petition further states that the plaintiff, from time to time, paid Irvine the yearly compensation agreed upon, and that, on the 7th of April, 1848, he tendered to him the sum of $379.37½, which was the full amount of principal and interest then due on account of the purchase money so advanced by Irvine, and demanded a reconveyance of the premises ; but that Irvine refused to accept the money so tendered, and fraudulently claimed a right to hold the land

as his own, and refused to convey the same to the plaintiff; and that plaintiff thereupon, on the 10th of April, 1848, filed his bill in chancery, in the court of common pleas of Holmes county, Ohio, to compel the said Irvine to make the plaintiff a deed for the premises; and that such proceedings were had thereon, that at the June term, 1854, of the district court of said county, a decree was rendered against the said Irvine, restoring the premises to the plaintiff, Hites, upon the pay· ment of the said $333.34, with interest, to the said Irvine by the said Hites, and stating, among other things, that the said Irvine was, in the foregoing transaction, merely the trustee of the said Hites. The plaintiff further avers, in his said petition, that, shortly after he had filed his said bill in chancery, the said Irvine, by virtue of his sheriff's deed, entered upon the said lands, expelled the plaintiff therefrom, and continued in the use and occupation thereof for more than six years, during the pendency of the said suit in chancery, and until the final decree of the court therein rendered, as aforesaid; and, during all that time, received the profits of the premises, amounting to fifty dollars annually, which neither he nor the defendant, as his administrator, have ever paid to the plaintiff. This use and occupation, and the profits arising therefrom, constitute the plaintiff's first cause of action.

In his second cause of action, the plaintiff seeks to recover for the value of trees and timber, cut down from the premises· by Irvine, during his occupation thereof as aforesaid, and which he had appropriated to his own use.

In the third·cause of action, a recovery is sought for the value of wheat, oats, corn, sugar and molasses, delivered by plaintiff to Irvine, as a compensation for the advancement or loan of the said sum of $333.34, but which Irvine had; in the former chancery suit, by his plea therein, fraudulently claimed to have received from the plaintiff as rent, etc.

In the fourth and last cause of action, it is averred that, after the final decree of the district court for the transfer of the legal title to the land from Irvine to the plaintiff, a tenant of Irvine, who had raised a crop of wheat upon the premises

·under a contract for the equal division of the same between the tenant and the landlord, delivered one half of the wheat to the plaintiff, and retained the other half for his own use; and the plaintiff seeks a recovery from the estate of Irvine for the value of the half of the crop so retained by the tenant.

Upon general demurrer to this petition, as not stating facts sufficient to constitute a cause of action, the defendant had judgment in his favor in the court of common pleas, and that judgment was affirmed, on error, in the district court; and the question now presented, upon petition in error to reverse the judgment of the district court, is, Did the court of common pleas err in sustaining this demurrer?

We think the judgment in the court below was clearly right, as to the third and fourth causes of action, stated in the plaintiff's petition. For, as to the third, the petition shows that the matters for which the plaintiff seeks a recovery were, by the pleadings of the parties, submitted to the court for its adjudication, in the former suit in chancery between the plaintiff and the defendant's intestate; that they consist of payments made by the plaintiff, under the contract which he was then seeking to have specifically performed; that the court proceeded to final decree in the case, in favor of the plaintiff, and did enforce the full performance of the contract by Irvine. The whole matter is shown by the petition to be " *res adjudicata.*"

And, as to the fourth cause of action, we see no grounds, either legal or equitable, on which the plaintiff can rest his claim to the *whole* of the wheat harvested from the premises by the tenant, soon after the decree in the chancery suit. Having obtained the title to the premises by the decree of tne court, he had, therefore, a right only to the landlord's share of the growing crops, or to a reasonable rent for the use of the premises. And having accepted, under these circumstances, one half of the crop from the tenant, and permitted him to retain the other half, we do not see the equity of a demand against the estate of Irvine for the value of the tenant's share.

The question is thus narrowed to a consideration of the first and second causes of action, which are supposed by counsel to stand on a different footing from the third.

It is conceded in argument by counsel for plaintiff that the matters which constitute these two causes of action, might have been adjusted, on supplemental bill, filed by the plaintiff, in the former proceeding in chancery between the parties; but it is claimed that this could only have been done by way of setoff, in reduction of the amount for which Irvine held a lien upon the premises, and that it was optional with the plaintiff, either to have the rents and profits so set off, or to reserve them as a cause of subsequent independent action. But we are not satisfied of the soundness of this position. The character which the petition assigns to Irvine during the pendency of the former suit in chancery, is, substantially, that of a mortgagee. True, he held the legal title, but he held it only in trust, as a security for the payment of moneys advanced by him for the plaintiff's use. After entering upon the premises, in virtue of his legal title, he may be regarded as a mortgagee in possession, after condition broken. Under these circumstances, he was liable to account for rents and profits, for the value of timber cut from the premises, and sold or otherwise appropriated to his own use. But the net income arising from such sources, a court of equity will always apply in reduction of the amount of the mortgage debt. 1 Hilliard on Mortgages. It is the right of each of the parties, mortgagor and mortgagee, to have it so applied; and neither of them can, without the consent of the other, apply it otherwise. Now, the petition shows that the very subjects of controversy, in the former suit in chancery, were the plaintiff's right of redemption, and the terms upon which he was entitled to redeem; and that the final decree of the district court determined both these matters. The court found at its June term, 1854, that Irvine held the legal title only as a security for the payment of a debt due to him from the plaintiff, the decree ascertained the amount of the debt at that time, and upon its payment by the plaintiff, Irvine was ordered to convey the premises to him. This decree would

seem to determine the rights of the parties growing out of Irvine's purchase of the premises at sheriff's sale, and receiving the legal title ; the agreement of the parties under which this was done ; and all acts done by either of the parties up to that time, pursuant to, or in violation of that agreement. If, during the pendency of the suit, payments were made by the plaintiff, or rents and profits received by the defendant, which were properly applicable only to the reduction of the debt due to him from the plaintiff, these facts, affecting the very matter in controversy, should have been brought to the notice of the court, by supplemental bill or otherwise. If this was not done, and the plaintiff thereby failed to obtain the benefit of credits to which he was entitled in that action, his petition should aver that fact, and also show that such failure was not owing to his own negligence. 6 Johns. Ch. 90. In the absence of such averment and showing, we must presume that the claims made in the first and second causes of action stated in the plaintiff's petition, were either adjusted or waived in the former suit. The policy of the law does not favor a multiplicity of actions.

We think the demurrer to the petition was properly sustained, and the judgment of the district court will be affirmed.

SUTLIFF, C. J., and PECK, GHOLSON and BRINKERHOFF, JJ., concurred.