Spear, J.
The question presented by the record is whether or not the issue sought to be made in the case below was made and disposed of in the former case between the same parties. We think it is to be determined by applying to the controversy familiar rules in relation to partnerships, and that the proper solution is not difficult.
The bill of exceptions sets out the entire record in the former case, and shows that, notwithstanding Mapel’s denial, in his reply in this case of Kunneke’s second defense, (which included a denial of the allegation as to the origin of the Croninger note), it was in fact a partnership note. The petition in the former case stated a good cause of action, but it was a straight action at law. The answer, however, alleged that prior to and for a long time after the date of the note, plaintiff and defendant were partners; that the note was the debt of the partnership and of the partners; that at the dissolution of the partnership, on or about February 4, 1893, plaintiff, for good and valuable considerations, moving from defendant to plaintiff, assumed and agreed to pay said note and all other’ debts of the partnership. The reply admitted that plaintiff and defendant were partners as alleged and that the note was the debt of the partnership and partners. The suit, therefore, was one by a partner against his co-partner to recover one-half of a partnership debt which had been paid by the former. Whether or«not he could recover did not depend alone upon whether he had in fact paid such debt, for it might be that in doing so he had not paid more than was his proper proportion to pay. This could be determined only by a marshalling of accounts, by an accounting, and an ascertainment of how each partner stood with re *6 spect to the partnership. The fact, if it were such, that the partnership had not been finally dissolved, although it had ceased to do business, and that no accounting had been had between the parties and no final or full division of the partnership assets and proceeds had been had, (all which facts were alleged in Mapel’s petition in the case below), would have been a complete defense to any right of Kunneke to recover at law by reason of his payment of the joint note. That is, had such issue and none other been made, and had the evidence stopped with proof of that fact, it would have been the duty of the court to dispose of that controversy at once by a judg-ment for defendant. This by reason of the well established rule that one partner cannot, in the absence of a showing that, by some special agreement, the particular matter has been withdrawn from the partnership account, maintain an action at law against another to recover an amount claimed by him by reason of partnership transactions, until there has been a final settlement of the business of the partnership. Before such settlement his only remedy is to allege the pertinent facts and ask a dissolution and accounting and an ascertainment of the balance, and for a recovery upon such accounting. The reasons for this 'rule are so apparent, and the rule itself so well understood, that it seems unnecessary to take space to state the reasons, or to cite authorities in support of the rule. It may, however, be proper to add that the above principle follows as an immediate corollary from the rule declared in Oglesby, Exr., v. Thompson, 59 Ohio St., 60.
If therefore, Mapel did not present, as a defense, the fact of continuing unsettled partnership relations between himself and Kunneke, he placed *7 himself in the - position of a litigant who, having full knowledge of facts that would make for him a valid defense, fails to assert them at the proper time, and submits to a final judgment against him arrived at without consideration of such facts. That such omission is to be treated as a waiver which will be conclusive of any right to subsequently avail himself of such defense, is well settled in this state. Hites v. Irvine’s Admr., 13 Ohio St., 283; C. & C. Bridge Co. v. Sargent, 27 Ohio St., 233; Roby v. Rainsberger, same vol., 674; Rindskopf v. Doman, 28 Ohio St., 516; Petersine v. Thomas, same vol., 596; Swensen v. Cresop, same vol., 668; Hixson v. Ogg, 53 Ohio St., 361; Cincinnati v. Emerson, 57 Ohio St., 132. We have not overlooked the case of Cramer v. Moore, 36 Ohio St., 347, nor Porter v. Wagner, same vol., 471. The doctrine of those cases has no application here for reasons which we think must be obvious upon a comparison of the facts involved.
It was argued by counsel for defendant in error that the claim of Mapel, as set out in the petition below, would have been, had it been presented in the former case, a set-off or counterclaim, and that the only result of a failure to set it up in that case would have been to prevent a recovery of cos-ts in the subsequent action, as provided in section 5073, Revised Statutes. We think not. If the case made in the petition in the former suit was an action at law, then as already found, allegations showing that defendant was entitled to an accounting’ would have been a complete defense; if, on the other hand, considered in connection with the answer and reply, the plaintiff’s case was to be treated as a demand for an accounting, then the issue was directly made and the judgment dis *8 posed of it finally. In either aspect, it was incumbent upon Mapel to then make the defense.. Had the claim of Kunneke been one wholly independent of the partnership dealings, then the right to an accounting would have been a set-off available upon a showing of the plaintiff’s insolvency, and Mapel could have set it up or not as he might choose. True, the claim for an accounting partook somewhat of the nature of a counterclaim, yet, since it was impracticable to determine whether Kunneke was entitled to recover without an inquiry into the affairs of the partnership, it was primarily a defense. Nor would there have been any inconsistency between an allegation of promise to assume a partnership debt, and an averment that there had been no dissolution and no accounting, for, as already indicated, partners may withdraw a special matter from the partnership business, and deal with it by itself.
But whether or not we are correct in holding that the issue as to the subsisting partnership and the rights of the partners upon a settlement, ought to have been presented in the former case, the bill of exceptions shows, as we think, that it was in fact presented by the evidence and without objection. Mapel assumed the affirmative and by his own testimony and that of others gave evidence showing the origin, conduct and conclusion of the partnership enterprise. The proofs, as a whole from both sides, tended to show what each partner put in, what each drew out, what had been done with the partnership property, what debts were created, who paid them so far as paid, and what remained unpaid, and what the residue of the property was worth, and what became of it. The special point of contention was whethér Kun *9 neke had agreed to pay all the partnership debts, Mapel testifying that he had so agreed, while Kunneke denied this and claimed that it was only certain debts, those which were liens on the property which he took in the effort to wind up their affairs, that had been assumed by him. And whether, taken togethér, the evidence would or not have enabled an accountant easily td state a satisfactory account between the litigants, the parties undertook to state facts which disclosed their entire partnership transactions. It is enough to know that the inquiry embraced the entire partnership matters.
It follows that the judgment of the circuit court should be reversed and that of the common pleas affirmed.

Reversed.