OPINION
Plaintiff-appellant herein, John Saplak, appeals from the denial by the Cuyahoga County Court of Common Pleas of his post-trial motions for equitable and injunctive relief.
The plaintiff filed the underlying action on August 1, 1997, claiming that appellee, City of Cleveland, engaged in illegal discrimination when it removed him from a list of eligible candidates for a position as a police officer for the City of Cleveland.
The relevant facts leading up to the appellant's removal from the eligibility list are largely undisputed. In 1994, at the age of fifty-one, the appellant took an examination given by the City of Cleveland to prospective police officers. The appellant admitted he purposely omitted relevant medical information from the medical questionnaire which he was required to fill out as part of the application process. It was only after a physician noticed a shadow on an x-ray taken of the appellant's chest area that the appellant admitted that he had undergone surgery approximately fifteen years earlier to insert a shunt as treatment for cirrhosis of the liver, which had been caused by chronic alcohol abuse. The appellant denied that he was still an alcoholic at the time that he applied to become a Cleveland police officer.
Following his removal from the eligibility list, the appellant appealed to the Civil Service Commission. The Civil Service Commission upheld the City of Cleveland's removal of the appellant from the eligibility list. Appellant never filed an appeal from the ruling of the Civil Service Commission with the Common Pleas Court. The appellant filed the within action on August 1, 1997, more than fifteen months after receiving notice of the Civil Service Commission's affirmance of his removal from, the eligibility list, alleging illegal discrimination based on a "perceived" handicap.
The issue of whether the appellant failed to exhaust his administrative remedies was raised by the appellee at the trial court level in a motion for summary judgment filed on June 15, 1998. This motion was denied by the trial court on August 11, 1998. The appellee has not filed a cross assignment of error on the issue of the trial court's denial of the motion for summary judgment. It is certainly debatable whether the appellant should have been required to file a direct appeal from the ruling of the Civil Service Commission with the Court of Common Pleas given the distinct nature of relief he was originally requesting in the within action and his last minute request for additional "equitable" relief and, therefore, whether the appellee's motion for summary judgment should have been granted. Yet, because there was no plain error at the trial court level which undermined the legitimacy of the judicial process, we will limit our review herein to the issues raised by the parties. See Goldfuss v.Davidson (1997), 79 Ohio St.3d 116; Cleveland Elec. Illum. Co. v.Astorhurst Land Co. (1985), 18 Ohio St.3d 268.
The case proceeded to jury trial on September 8, 1998. On September 11, 1998, the jury returned a verdict in favor of the appellant, but found that he had not sustained any damages as the result of the allegedly discriminatory acts of the appellee. The appellee has also not appealed the jury's finding that the appellee discriminated against the appellant because of a handicap.
On September 14, 1998, the appellant filed "plaintiff's Motion for Equitable Relief as a Result of Finding of Discrimination of Job Placement." On September 21, 1998 the appellant filed a "Motion for Declaratory Relief."[1] Both motions were denied by the trial court in an order dated October 23, 1998. The appellant commenced this appeal from the ruling of the trial court denying the two post-trial motions.
Appellant presents one assignment of error for this court's review:
 THE COURT ERRED WHEN IT DENIED PLAINTIFF'S MOTION FOR EQUITABLE AND INJUNCTIVE RELIEF.
Although the complaint filed in this matter requested "any other relief the Court may deem just and equitable," the complaint did not request that the appellant be reinstated on the list of eligible candidates. The demand was very specific with regard to what other remedies were being requested. For example, the appellant requested that the court "grant all wages, benefits, pensions and all other back pay and related restitution to the plaintiff," grant compensatory and punitive damages in the amount of $200,000 each, and "order the defendants (sic) to engage in education or sensitivity training programs and activities which promote equal employment opportunities on account of age and handicap."
It is unclear whether the appellant ever requested that the appellee be ordered to hire the appellant at trial or ever raised the issue in any manner. There is no trial transcript in the record. In Knapp v. Edward Laboratories (1980), 61 Ohio St.2d 197,199, the Supreme Court stated:
 The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), 53 Ohio St.2d 162. * * * This principle is recognized in App.R. 9(B), which provides, in part, that "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass on and thus, as to those assigned errors, the court has no choice but to presume validity of the lower court's proceedings, and affirm.
Since the transcript of the trial is not available for our review, it is not possible to determine whether appellant requested of the court that he be placed on the eligibility list at any time during trial. Therefore, we must presume that no request for the equitable relief sought by the appellant was made prior to the trial court's denial of the two post-trial motions filed.
The sundry causes of action the appellant may have had against the appellee arising out of his application to become a Cleveland police officer were each extinguished at the time that judgment was entered. The appellant, through post-trial motions, attempted to obtain relief that was not included in his demand and was never requested at trial.
It is axiomatic that the final judgment of a trial court is conclusive, even though subject to appeal, as long as the judgment remains unreversed, unmodified and unvacated. In the absence of fraud or collusion, a judgment upon the merits rendered by a court of competent jurisdiction is conclusive of the rights, questions and facts in issue as to the parties and their privies. State ex rel. Brookpark Entertainment, Inc. v.Cuyahoga County Bd. of Elections (1991), 60 Ohio St.3d 44, 46;573 N.E.2d 596, citing Whitehead v. Gen. Tel. Co. (1969), 20 Ohio St.2d 108. Such a final judgment is also conclusive as to the remedies of the parties. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,653 N.E.2d 226; Cockley v. Brucker (1896), 54 Ohio St. 214,44 N.E. 590. This "doctrine of conclusiveness" of a final judgment rests upon the necessity that there be an end of litigation. The rule of law precluding relitigation of the same cause of action between the parties is applicable where the plaintiff was successful in the first cause of action, although all the relief to which he is entitled was neither requested nor granted in such action. Cockley v. Brucker, supra; Hites v.Irvine's Admr. (1862), 13 Ohio St. 283.
The appellant in this case never sought leave of the trial court, either prior to or during the course of the trial, to amend his demand. Rather, the appellant chose to wait until after the judgment of the trial court had already been entered to raise the issue of being reinstated on the eligibility list. It appears as if the appellant was dissatisfied with the jury's decision not to award him any compensatory or punitive damages and only then decided to seek the equitable remedy of reinstatement to the eligibility list. This is precisely the sort of conduct that the doctrine of conclusiveness, as well the doctrine of res judicata,
is designed to discourage.
By failing to raise the issue of whether he would have been hired as a Cleveland police officer, if not for the fact that he was caught intentionally omitting pertinent information from his medical history questionnaire, the appellant effectively precluded that issue from being litigated at trial. The appellee was not given the opportunity to demonstrate that the appellant would not have been hired as a Cleveland police officer — even if he had been truthful in representing his medical history.
The trial court properly denied the appellant's untimely filed "Motion for Equitable Relief" and "Motion for Declaratory Relief." The appellant was estopped by the previously entered judgment from pursuing additional remedies. Therefore, the appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PORTER, JAMES M., A.J., and McMONAGLE, TIMOTHY E., J.,CONCUR.
 _________________________________ MICHAEL J. CORRIGAN JUDGE
[1] This motion, which was only two sentences long, requested that the court "declare that the defendant violated the handicapped discrimination laws when it failed to fire
plaintiff." Presumably the appellant intended to request that the court declare that the defendant was in violation of law when it failed to hire plaintiff. There was no reason for the trial court to grant this unorthodox request for relief as the jury verdict forms and interrogatories clearly spoke for themselves. Additionally, there is absolutely no evidence in the record that the appellant would have been hired, or even that it was more likely than not that he would have been hired, if he had not been caught intentionally omitting relevant information from his medical history questionnaire. The appellant's assumption that his eventual hiring was a foregone conclusion is not supported by the evidence in the record.