By the Court :
When a second bill is filed to obtain a second injunction, in relation to the same transaction, and between the same parties, it is not enough to allege new ground of equity, not suggested in the former bill. It must be shown that the new matter alleged did not exist at the time the first bill was filed, or that, if it existed, it was unknown to the complainants. If this rule were not enforced, there might be no end to litigation. A bill might be filed and an injunction obtained in succession, upon separate and distinct grounds, every one of which ought to have been included in the first bill. It is unnecessary to point out the inconvenience, vexation, and injustice of such a practice.
In this case, the new ground of equity stated in the bill existed when the first bill was filed, and existed in such manner as to make it the duty of the complainants to be conversant with it. No allegation is made that they were ignorant of it. For this reason the new bill ought not to be sustained.
Again : The lot No. 155, which, it is charged, the respondent must first resort to, it appears, has been seized in execution, and legally sold under a subsequent judgment. As Schultz did not set aside his levy under the act of 1822, he has, according to the decision of this court, lost his lien against a subsequent judgment creditor. Were we to turn him round to pursue lot No. 155, it would be with a perfect knowledge that his pursuit would be unavailing. This, a court of equity would never do. The property from which it is sought to remove the levy, is liable to the satisfaction of the judgment; that to which we are asked to transfer it is not. On this ground the prayer of the bill must be refused.
In the agreed case, facts are stated as to other property not specified in the bill. The respondent’s counsel object to an inves tigation with respect to any other property than that stated in the *57 bill. We are of opinion that this objection is well taken. It is, therefore, unnecessary to inquire into anything further than the rights of the parties as to lot 155. The injunction is dissolved, and the bill dismissed.