## THE BOARD OF COMMISSIONERS OF LAGRANGE COUNTY *v.* NEWMAN.

PRACTICE.—*Special Finding.*—Where the court upon request finds the facts specially, and there is no exception to the conclusions drawn upon the facts found, no question in regard to said conclusions is presented for the consideration of this court.

SAME.—*Agreement to Submit Questions not Presented by the Record.*—Parties cannot by agreement submit for the consideration of this court any question not presented by the record.

COUNTY TREASURER.—*Allowance.*—The county commissioners cannot defeat the claim of a county treasurer for services rendered upon their request, and in accordance with their direction, by showing that their proceedings were not in conformity with the statute.

APPEAL from the Lagrange Circuit Court.

WORDEN, J.—This was an action by the appellee against the appellants to recover certain fees alleged to be due from the defendants to the plaintiff for services as treasurer of said county. The cause was tried by the court.

The court, at the request of the defendants, found the facts specially, and determined "as a conclusion of law on said facts, that the plaintiff ought to recover from the defendants the sum of seventy-nine dollars and ten cents." Judgment was rendered accordingly, a motion for a new trial being overruled, and exception taken.

The motion for a new trial was correctly overruled, for the reason that the evidence fairly sustained the finding.

The question sought to be presented is whether, on the facts as found by the court, the plaintiff was entitled to re-

cover; or, if entitled to recover something, whether he was entitled to recover as much as the court adjudged upon the facts found. But there was no exception taken to the decision of the court upon the questions of law upon the facts found, as is contemplated by section 341 of the code. 2 G. & H. 207.

We are of opinion that inasmuch as the facts were correctly found by the court, and inasmuch as no exception was taken to the conclusions of law drawn by the court from the facts found, the questions sought to be presented do not legitimately arise in the record.

The parties have agreed, " that the cause shall be submitted and decided upon the true merits, without regard to any defects of record, assignment of errors, or abstracts; and that the questions to be submitted are, first, is the appellee entitled to any fee or compensation for services in borrowing, receiving, and paying out the one thousand four hundred and seventy-three dollars and forty-five cents, borrowed of the National State Bank, and the four hundred dollars borrowed of William Geise? and if so, how much? second, is the appellee entitled to any fee or compensation for receiving and paying out the other items named in the bill of particulars of the complaint of the appellee? and if so, how much? it being admitted as to these items that the special findings are supported by the evidence given in the cause."

We have seen that no question is legitimately presented, by this record, for our consideration, except the correctness of the ruling of the court on the motion for a new trial.

The parties, however, by the agreement above stated, have attempted to present for our determination, certain questions not presented by the record. This is an appellate court, and the agreement of the parties will not be effectual to convert it into a *nisi prius* tribunal.

We decline to enter upon the consideration of the questions not presented by the record, but by the agreement of the parties only.

The judgment below is affirmed, with costs.

### ON PETITION FOR A REHEARING.*

Downey, C. J.—In a petition for a rehearing in this case, filed by the appellants, it is insisted that the court "has failed to give an opinion on all the questions presented by the record, and also that the evidence does not sustain the finding of the court below."

The counsel for appellants seem to think that the court has not passed upon the evidence with reference to its "legal effect." But this is a misapprehension. It was solely with reference to its legal effect that we did decide upon it. We hardly see in what other light we could regard it.

In this case the facts are, so far as they need to be noticed in disposing of this petition, that the county was in need of money, and resolved to effect a loan. The board directed that the auditor should issue orders on the treasurer to the persons who were to loan the money, which he did, placing them in the hands of the treasurer, who discounted them, at ten per cent., charging himself as treasurer with the proceeds. In this way he received from one person one thousand four hundred and seventy-three dollars and seventy-five cents, and from another four hundred dollars. In forty-six other items from various sources he received other sums, not in loans, making in all, including the amounts borrowed, three thousand one hundred sixty-four dollars. The claim of the treasurer was for two and a half per cent. for receiving and disbursing this amount. As to the percentage on the money borrowed and paid out, counsel for the appellants insist, that it was not lawful for them to borrow the money for the purpose and in the manner named, and that therefore the treasurer was not legally entitled to charge a percentage on the money. It seems to us that this objection does not come with any grace or force from the appellants. They ordered the borrowing of the money. They prescribed the manner of effecting the loan, and the kind of paper that should be given to the lender. They caused the auditor to

*The opinion on the petition for a rehearing was delivered at the May term, 1871.

draw the warrants on the treasurer, in favor of the lenders, and placed them in the hands of the treasurer, and he, as was contemplated, got the money on them. Now the appellants, the commissioners, propose to defeat the claim of the treasurer by showing a want of conformity to the law in the manner of securing the loan, and in the use to be made of the money. We are asked to make the treasurer's right to compensation turn upon this question. It is claimed by the counsel for the appellants that the loan should have been secured by bonds issued in accordance with 1 G. & H. 251, . secs. 17, 18, &c. But we do not regard this effort of the appellants as either just, right, or legal. We therefore regarded the evidence, which shows, very fully, the performance of the alleged services by the treasurer, as sufficient, and as legally sufficient, to sustain the finding of the court. Hence we stated in the above opinion that the facts were correctly found by the court.

The petition for a rehearing is therefore overruled.

*A. Ellison* and *J. D. Ferrall*, for appellants.

*A. A. Chapin*, for appellee.