Filed Oct. 15, 1892.

————◆————

No, 16,731.

Parker, Clerk, et al. *v.* The State, ex rel. Powell.

Apportionment Act.—*Fictitious Suit.*—*Collusion.*—*Motion to Dismiss.*—An action was brought questioning the validity of two acts of the Legislature and to enjoin the officers of the county from acting under them, and to compel them to proceed under an earlier act of the Legislature relating to the same subject.

*Held,* that the action was properly brought against the officers named, and the fact that such officers, relator, and attorneys all entertain the same opinion of the laws in question, or are otherwise agreed, is immaterial.

*Held,* also, that when the Attorney General moved to dismiss the appeal on the ground that the suit was fictitious and collusive, and all the parties to the original litigation file affidavits and answers denying collu-

Parker, Clerk, *et al. v.* The State, *ex rel.* Powell.

sion, and asserting that the controversy is real, and there is nothing in the record or in the showing made by the Attorney General sufficient to authorize a dismissal, the motion could not be entertained.

PRACTICE.—*Admitting New Parties.*—When it is shown that the determination of a cause may seriously affect the rights of those not parties, it is proper, on a sufficient showing, to permit them to intervene and present their side of the controversy.

SAME.—*Action Affecting the Public.*—*Calling in Attorney General.*—When the adjudication sought is such as will affect the general public, it is the duty of the court to take such additional steps as may be necessary to a full presentation of the questions involved, as, for example, calling in the Attorney General.

CONSTITUTIONAL LAW.—*Motives of Legislature.*—In a proper case, the court can determine whether a statute is constitutional or unconstitutional, but it can not judge as to the motives of the Legislature in its enactment.

APPEALS.—*Filing Transcripts.*—*Order of.*—*Advancement.*—Appeals must be docketed and heard in the order in which the transcripts are filed, but the court may, in cases involving important public interests, direct otherwise and advance the hearing of the cause, but a party is not entitled to such advancement as a matter of right.

From the Henry Circuit Court.

*J. H. Mellett* and *W. E. Niblack,* for appellants.

*A. W. Wishard, M. E. Forkner, F. Winter,* and *J. B. Elam,* for appellee.

McBRIDE, C. J.—The Attorney General moves to dismiss this appeal, on the ground that the suit is fictitious and collusive. All the parties to the original litigation have filed affidavits and answers, resisting the motion, denying collusion and asserting that the controversy is real. The appellee also files a motion to strike out the motion of the Attorney General to dismiss, and to vacate the order permitting his appearance.

We find nothing in the record, or in the showing made by the Attorney General, sufficient to authorize a dismissal. The complaint questions the validity of two acts of the Legislature, seeks to enjoin the officers of the county from acting under them, and to compel them to proceed under

an earlier act of the Legislature relating to the same subject.

The relator shows such interest as entitles him to invoke the aid of the court. It is also apparent that he is sincere in his contention, while the affidavits of all the parties deny collusion.

The action is properly brought against the officers named. The facts that such officers, the relator and attorneys all entertain the same opinion of the laws in question, or are otherwise agreed, is wholly immaterial. The officers named are sued as such, and not as individuals The relator in such cases can not be required to forego the right of appealing to the court, simply because the officer against whom he must necessarily proceed agrees with him politically or otherwise. It is also not material at whose suggestion or expense the suit was instituted or carried on.

Courts can not refuse to entertain and decide controversies because the motives of the parties and promoters may be self-serving.

When it is shown that the determination of a cause may seriously affect the rights of those not parties, it is proper, on a sufficient showing, to permit them to intervene and present their side of the controversy, as the court has here done. It is also the duty of the court, when the adjudication sought will seriously affect the general public, to take such additional steps as may be necessary to a full presentation of the questions involved; hence, the appearance of the Attorney General,—which is not intrusive as is contended, but is by suggestion of the court. The law makes it his duty to attend to the interests of the State in all suits in which the State is interested in this court. Section 5666, R. S. 1881.

While the State, as a body politic, is not a party to the original litigation, save as the relator is permitted to use its name, still, the judgment invoked would directly affect

each and all of the citizens of the State, individually and collectively. While not within the letter, it is certainly so far within the spirit of the statute that we feel justified in permitting his appearance as the representative of the people, who, in the *aggregate,* constitute the State. In so doing the court feels justified in assuming that his appearance will be only as an officer, acting under the sanction of his official obligation; and that he will take only such steps as may, in his judgment, tend to aid the court in reaching a just determination of the cause. True, in his motion to dismiss the appeal appears language relating to the circuit judge who tried the cause, which can have no significance save as a reflection upon the integrity of that officer. We assume that this language was used without sufficient deliberation. There is nothing whatever in the record to justify it. As a judge he was compelled to, and did discharge a duty which the law imposed upon him. As we have said, we assume that the use of this language was merely the result of insufficient deliberation, and we direct that it be struck out. Many other matters, appearing in this motion, as well as in the several other motions and papers filed by the parties, being of a purely personal character, and not tending to aid the court in its investigation, must be disregarded. So also of allegations concerning the motives of the Legislature in the enactment of the law in question.

We assume that the only question presented by the record for our consideration is, are the several acts of the Legislature in question valid statutory enactments? And we now direct that all steps heretofore taken, all papers filed, and all arguments, oral or otherwise be directed, and strictly confined to that single inquiry. The court can, in a proper case, determine whether a given statute is constitutional or unconstitutional, but it can not sit in judgment upon the motives of the Legislature in its enactment. Cooley on Constitutional Limitations, 222.

Nor can it, so far as anything as yet appears from the record before us, pass judgment upon the motives of any of the parties to this litigation or of counsel in the case. We can not tolerate any digression, or the bringing in of immaterial or collateral issues, which can only serve to stir up strife and obscure the main inquiry; and all such matters contained in the several papers filed are ordered to be struck out. The court will take such steps as will insure a full and fair presentation of every question legitimately involved; but in view of certain suggestions made relative to the filing of answers, etc., will remind counsel that this court can not be converted into a *nisi prius* tribunal. *Board, etc.*, v. *Newman*, 35 Ind. 10.

The appellee moves for the advancement of the cause, and for such action as will permit the court to decide it, prior to the next general election, now less than a month distant.

The advancement of a cause can never be claimed as a right. The statute, section 653, R. S. 1881, provides that appeals shall be docketed in the order in which transcripts are filed and shall be heard in the same order, unless the court, for good cause shown, direct otherwise. This invests the court with a discretionary power of changing the order. The practice under this statute has been to advance certain classes of cases; generally, only those involving important public interests. Elliott's Appellate Procedure, section 463. The character of this case, and of the questions involved, are clearly such as bring it within the rule of practice long followed, and it should be advanced.

Exercising the discretion vested in us by the law, however, we can not feel that we will be justified in hastening our decision as asked.

It is, therefore, ordered that the cause be advanced; and that it be set down for oral argument on the 17th day of November, 1892, at 9:30 o'clock A. M. It is further

ordered that all briefs be filed on or before November 14th, and that counsel be required to exchange briefs, and to furnish points for oral argument as required by the rules of this court.

Filed Oct. 12, 1892.