SAMUEL BEAR, SR., v. BOARD OF COUNTY COMMISSIONERS OF BRUNSWICK COUNTY.

(Decided April 5, 1898).

*Action for Mandamus—Judgment Against County—Res Judicata—Parties.*

1. A judgment against parties present before a competent Court is conclusive of matters adjudged therein.

2. In a proceeding for mandamus to compel the levy of taxes for the payment of a judgment against the Board of Commissioners of a county, it is no defence that the judgment was rendered on a void claim.

3. A judgment against a county or its legal representatives, in a matter of general interest to all of its citizens, unless impeached for fraud or mistake, is binding on every citizen and tax-payer of the county.

DOUGLAS, J., dissents.

CIVIL ACTION for mandamus heard before McIVER, J., at Fall Term, 1897, of BRUNSWICK Superior Court. Upon the facts found by his Honor (which are set out

in the opinion of Chief Justice Faircloth) he denied the application for the mandamus and plaintiff appealed.

*Messrs. J. D. Bellamy* and *Shepherd & Busbee* for plaintiff (appellant).

No counsel *contra.*

FAIRCLOTH, C. J.:   This action is brought to compel the defendant to levy a tax on all the subjects of taxation in the county, sufficient to pay the plaintiff's judgments set out in the complaint.   The case agreed, upon the facts found by the Court, states that the judgments sued on were obtained in 1894 in certain actions by the plaintiff against the defendant, on former judgments obtained by the plaintiff against the defendant in the year 1888; that the causes of action on which the said judgments of 1888 were obtained were school claims as alleged in the answer; that there is nothing in the records or judgments of 1894 to show what the causes of action were, except that they were brought on former judgments. The present action was heard and tried at Fall Term, 1897, when the Court denied the application for an order of mandamus and the plaintiff appealed.   Upon the hearing two citizen tax-payers of the county entered and denied the validity of the judgments of 1894, and also alleged that the tax-payers of the county were not bound and concluded by the judgment against the County Board of Commissioners, and this presents the question for this Court.

Reason and a wise policy require that a judgment against parties present before a competent Court should be conclusive of matters adjudged; otherwise, litigation might be endless.   An irregular judgment is voidable and may be set aside on motion.   An erroneous judgment is remedied by appeal.   Generally, judgments are

conclusive, *res judicata*, except for fraud or mistake.

The only contention here is, that it *now* appears that the former judgments were rendered on "school claims", which does not appear in the record in which the judgments of 1894 were entered. If there is any force in the contention it should have been, and is presumed to have been, availed of when the former judgments were rendered. There seems to be no ground for the contention that the board of commissioners are not concluded. Are the tax-payers concluded by the action of their legal representative?

Where a valid judgment is rendered against a corporation, the stockholders are bound thereby in respect to corporate matters, and such judgment is not open to collateral attack. *Hawkins* v. *Glenn*, 131 U. S., 319. A judgment against a county or its legal representatives, in a matter of general interest to all its citizens, is binding upon the latter, though they are not parties to the suit. Every tax-payer is a real though not a nominal party to such judgment, and cannot relitigate any of the questions which were litigated in the original action against the county or its legal representatives, and, if the county board fail to avail itself of legal defences, the people are concluded by the judgment. If such failure comes from negligence or corruption, the tax-payer has a remedy on both the criminal and civil dockets of the courts, and, if from incompetency, the tax-payer's remedy is the ballot box. Such judgments must be conclusive unless impeached for fraud or mistake. They must be conclusive or not admissible at all. This doctrine is supported by able authorities. Freeman on Judgments, Section 178; Black on Judgments, Section 583; *State* v. *Rainey*, 74 Mo., 229; *Clark* v. *Wolf*, 29 Iowa, 197; *Harmon* v. *Auditor*, 123 Ill.,

122; *City of Cairo* v. *Campbell*, 116 Ill., 305. "A judgment against a city, county or school district, in a matter of general interest, is binding upon all its citizens, though not made parties by name." 1 Herman on *Res Judicata*, Sections 155, 128; *Brownsville* v. *Loague*, 129 U. S., 493, illustrates the distinction made in cases. It was there held that, if the petitioner for a writ of mandamus to levy a tax to pay his judgment is obliged to go behind the judgment in order to obtain his remedy, or if he must refer to the alleged cause of action on which his judgment was rendered, and if there appears on the face of the record that there was no cause of action, the principle of *res judicata* does not apply, and the aid of the Court will not be granted.

The plaintiff is not embarrassed with such a condition. He relies upon a former judgment "filed and docketed." There was error below. .

Reversed.

Douglas, J., dissents.