VERNER v. SIMPSON.

1. PARTIES—CORPORATIONS.—A STOCKHOLDER of a corporation is so far an integral part of a corporation that he is bound by and privity to any judgment against it.

2. RES JUDICATA—INSURANCE.—The question raised here as to the non-liability of defendant mutual assessment insurance company to a money judgment is *res judicata.*

3. INSURANCE.—Can property bought by annual premiums of a mutual assessment insurance company, which by its by-laws is not subject to payment of fire losses, except by order of directors, be levied on under execution by member of company to pay judgment for loss by fire?

Before PURDY, J., Greenville, April, 1903.    Affirmed.

Action by David P. Verner on behalf of himself and others and the Mutual Insurance Co. of South Carolina, against Augusta A. Simpson *et al.*    From Circuit decree, plaintiffs appeal.

*Mr. Joseph A. McCullough,* for appellants, cites: *As to res judicata:* 53 S. C., 289; 24 Ency., 746, 777; 32 S. C., 343; 61 S. C., 11.    *Is this property subject to execution?* 54 S. C., 371; 30 N. E., 114; 1 L. R. A., 146; 24 Fed. R., 689; 4 Joyce on Ins., sec. 3474.

*Messrs. Haynesworth, Parker & Patterson,* contra, cite: *As to res judicata:* 13 S. C., 290; 26 Am. St. R., 942; 27 Am. Dec., 689; 39 Am. Dec., 750; 44 S. C., 21.

April 19, 1904.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    On March 27th, 1900, the defendants recovered a judgment against the plaintiff, Mutual Insurance Co., for $296.94 and costs.    Under execution issued thereon, the sheriff of Greenville County was about to levy upon certain personal property, viz: an iron safe,

desk, and other office furniture, alleged to belong to said insurance company, when this action was instituted to enjoin enforcement of said execution upon the ground that said property was not subject to execution under the contract of insurance, charter and by-laws of said association.

The Circuit Court, Judge Purdy, sustained the special referee, B. M. Shuman, Esq., in holding that the question was *res judicata* under the judgment mentioned in the case of *Simpson* v. *Insurance Co.,* 59 S. C., 198. We think the Circuit Court was correct in this. In the case of *Hart* v. *Bates,* 17 S. C., 35, the Court held that three things are necessary to sustain the plea of *res judicata:* (1) the parties must be the same or their privies; (2) the subject matter must be the same; (3) the precise point must have been ruled. In this case, the parties or their privies are the same. In so far as D. P. Verner is joined in the suit as plaintiff with the corporation of which he is a stockholder, no change in parties is effected. The interest he sets up in this case is identical with that of the corporation, and his claim is under the corporation with respect to the property of the corporation. In *Hawkins* v. *Glenn,* 131 U. S., 319, the Supreme Court of the United States said: "A stockholder is so far an integral part of the corporation that, in the view of the law, he is privy to the proceedings touching the body of which he is a member." The authorities generally hold that a judgment against a corporation, not impeached for fraud or want of jurisdiction, binds the stockholders with respect to corporate matters. 26 Ency. Law, 2 ed., 90; *Nickum* v. *Burckhardt,* 30 Oregon, 464; 60 Am. & St. Rep., 822; *Ball* v. *Reese,* 58 Kan., 614; 62 Am. & St. Rep., 638; *Mutual Fire Ins. Co.* v. *Phoenix Furniture Co.,* 108 Mich., 170; 62 Am. & St. Rep., 693; *Bear* v. *Brunswick Co.,* 122 N. C., 434; 65 Am. & St. Rep., 711; *Castleman* v. *Templeman,* 87 Maryland, 546; 67 Am. St. Rep., 370.

The subject matter, the contract of insurance, is the same in both cases. The precise point decided in the former suit

and involved here is the absolute liability of the Mutual Insurance Co. to a money judgment for $296.94, in favor of Augusta A. Simpson, upon the contract of insurance under its charter, and the facts stated in the complaint and admitted by the answer in the former suit. One of the necessary incidents of a money judgment is to subject to levy and sale under execution all the property of the judgment debtor not exempt under the Constitution or some valid statute. The appellant does not claim exemption of the property from levy under any statute. The claim of exemption is based solely upon the contract of insurance under the charter and the by-laws of the insurance company. The argument is that the property in question was purchased out of the annual premiums, and that, under sec. 12 of the by-laws, that fund is applicable to defraying the expenses of the company, and is only applicable to losses by fire, &c., where a surplus is accumulated and the directors order such surplus to be so applied, conditions which, it is claimed, do not exist, and, to sustain this view, appellants cite: *Burton* v. *Mass. Safety Fund Association,* 1 L. R. A., 146; *In re Equitable Reserved Fund Life Association of New York,* 131 N. Y., 354, 30 N. E. Rep., 114. It is further argued that this point did not arise in the former suit, and could not arise until an attempt was made to enforce the execution out of such fund. This is plausible at first view; but, after all, the contention is necessarily based upon the assertion of non-liability to an absolute money judgment for losses by fire, a question decided against appellants in the former suit, upon the case which they made. To sustain appellant's contention would practically reopen the question decided, and would destroy the legal effect of the judgment rendered.

The judgment of the Circuit Court is affirmed.