[No. 2810.   Dec. 22, 1922.]

## FLOERSHEIM v. BOARD OF COMMISSIONERS OF HARDING COUNTY et al.

### SYLLABUS BY THE COURT

(1)   There is a general doctrine to the effect that parties to a cause which has been decided upon the merits, and their privies, are barred and foreclosed by the judgment, and are forever estopped from again litigating, as between themselves, the same controversy.   The doctrine extends further, and compels the parties to bring forward and present to the court every fact then existing in support of the claim or defense, and otherwise such fact is lost to the party who might have presented it, the same as if it had never existed.   This doctrine is familiarly called the doctrine of res adjudicata.   '                                    P. 334

(2)   Where suit is brought to determine a public right, involving a matter of general interest, by one qualified citizen in behalf of himself and all others similarly situated, all such other citizens are parties to the proceeding by representation, and we are bound by the judgment, not only as to matter which were litigated, but also as to matters which existed at the time and could have been litigated in the case the same as the actual formal parties on the record, regardless of whether they had actual notice of the pendency of the suit or not.                          P. 335

(3)   The binding effect of such a judgment upon parties to the proceeding by representation may be avoided only for fraud, collusion, or mistake in its prosecution.   P. 336

(4)   An allegation in a pleading that a former suit was a friendly suit, and that the plaintiff therein was, in fact, desirous that the opposite party should be successful, and that the plaintiff in such former suit did not make or intend to make a bona fide representation of the rights of the parties to the cause by representation, states no defense to a plea setting up the former adjudication as a bar to the maintenance of the second suit.                  '   P. 336

(5)   The allegations of the complaint in this suit examined, and held not to state a new or different cause of action from the one pleaded in the former adjudication, and for that reason the suit in this case is barred by the former judgment.   ,                        P. 337

(6) Martinez v. Board of Commissioners of Harding County (N. M.) 28 N. M. 170, 210 Pac. 575, recently decided, re-examined and adhered to.                              P. 338

(7) The awarding of an injunction which has the effect of modifying the judgment in a cause, made after the appeal has been taken to this court, and such appeal perfected herein, and without notice to the adverse party, is void for want of jurisdiction both of the person and the subject-matter.                                              P. 338

Appeal from District Court, Harding County; T. D. Leib, Judge.

Suit by Jake Floersheim, citizen and taxpayer of Harding county, for himself and others similarly interested, against the Board of County Commissioners of Harding County and others, to enjoin defendants from issuing courthouse and jail bonds under the act establishing Harding county. From a decree granting the injunction, defendants appeal. Reversed and remanded, with directions to dissolve injunction and dismiss complaint.

C. J. Roberts, of Santa Fe, H. S. Bowman, Atty. Gen., O. L. Phillips, of Raton, and Hugh B. Woodward, Dist. Atty., of Clayton, for appellants.

F. S. Merriau and D. K. Sadler, both of Raton, for appellee.

OPINION OF THE COURT

PARKER, C. J. One Manuel Martinez being a resident and taxpayer of Harding county, on behalf of himself and all other residents and taxpayers similarly situated, brought suit in the district court to enjoin the board of county commissioners of that county from issuing courthouse and jail bonds under the provisions of section 18 of chapter 48, Laws 1921, which was the act establishing Harding county. Various objections to the proposed action of the board of county commissioners were urged, and among them the following: (a) That said section was in violation of section 10 of article 9 of the state Constitution, in that the act authorized the issuance of such bonds without first submitting the question to the qualified electors of the

county; (c) that said section violated section 24 of article 4 of the Constitution in that it was a local and special law regulating county affairs; (e) that said bonds would be illegal and void for the reason that there was no provision in the Constitution or the laws of the state regulating the manner of the issuance of the same; (f) that said bonds, when issued, would be illegal and void because no provision of law had been made for the raising of the revenue for the payment of the interest and principal thereof. A demurrer and answer were interposed by the defendants in that suit, and a stipulation of facts was filed by the parties. Upon the issues framed and stipulation the case was heard by the court, and the demurrer was sustained and the complaint dismissed. Thereupon an appeal was taken to this court, and upon September 29, 1922, in an opinion handed down on that date, this court held that section 18 of chapter 48, Laws of 1921, did not violate section 10 of article 9 of the state Constitution or section 24 of article 4 of the Constitution, and the judgment of the district court was accordingly affirmed. In the opinion we pointed out and decided that the language in section 18 of chapter 48, Laws 1921, above referred to, viz., "which bonds shall be issued in the manner as provided by the Constitution and the laws of the state," meant that provisions should be made for the levy of a tax to pay interest and provide a sinking fund for the liquidation of such bonds as required by section 29 of article 4 of the Constitution, and that sections 1156 to 1171, Code 1915, were the statutory provisions referred to, and that they satisfied the constitutional requirements.

Thereafter, on the 11th day of November, 1922, one Jake Floersheim, as a resident and taxpayer of said county, on behalf of himself and all others similarly situated, brought a suit for an injunction against the same board of county commissioners seeking to enjoin them from issuing the same courthouse and jail bonds. A first amended complaint was filed in the cause on November 17, 1922. In the amended complaint, among

other things, it was alleged that the said bonds would be illegal and void because the establishment act of Harding county failed to provide for levying a sufficient tax to pay the interest and provide a sinking fund for said bonds as commanded by section 29 of article 4 of the Constitution. It was further alleged that said statute and the action of the board of county commissioners thereunder were void under the provisions of section 10 of article 9 of the Constitution, providing for the submission of such a question to a vote of the qualified electors of the county. It further alleges that section 11 of the Harding county act provides that said "Harding county establishment bonds [bonds for the amounts which Harding county would owe the old counties from which its territory was taken] shall be first issued by said Harding county and the levy for the payment of the interest thereon shall be first made," and that the county of Harding had not issued to the counties of Union and Mora any of said establishment bonds, and that, consequently, the county commissioners were without power to issue courthouse and jail bonds until after the issuance of said establishment bonds. The plaintiff prayed that the defendants be perpetually enjoined from issuing the said bonds, and also that they be enjoined from issuing the bonds until after the establishment bonds had been duly issued as provided in the Harding county act. Other residents and taxpayers came into the case, and joined with the original plaintiff in his allegations and in the prayer for relief. An answer was filed in behalf of the board of county commissioners setting up the proceedings in the case of Manuel Martinez against the same defendants, and pleading the same as a bar to the maintenance of the present suit.

A reply was interposed by the plaintiffs in which the former adjudication was admitted, but the binding effect thereof as to plaintiffs was denied. This denial is based upon two propositions:

(a) That the plaintiffs had no notice of the pendency of the former suit: (b) "that the said Manuel Martinez, plaintiff in said former suit, * * * in fact and reality was desirous of having issued the bonds which by his suit he ostensibly sought to enjoin, the said suit being what is known in common parlance as a friendly suit, and that the said plaintiff did not in said former suit make or intend to make a bona fide representation of the citizens and taxpayers of Harding county, these plaintiffs included, or presentation of their rights in the premises."

A demurrer to this reply was interposed by the defendants to the effect that no facts were pleaded therein which would avoid the force and effect of the former adjudication. The court overruled the demurrer to the reply, and thereupon, upon final hearing, entered a decree temporarily enjoining the defendants from issuing the courthouse and jail bonds until the Harding county establishment bonds had first been duly issued in accordance with the provisions of the Harding county act, and until a levy for the payment of interest on the same had been duly and lawfully made, and until it had been ascertained and determined, by reference to the assessment rolls of the county, that the issuance of said bonds will not exceed the constitutional limitation on indebtedness as provided by section 13 of article 9 of the Constitution. An appeal from said decree was immediately taken. On December 7, 1922, a cross-appeal was sued out by the plaintiffs from the final decree in the case upon the theory that the plaintiffs had been denied a perpetual injunction therein, as prayed for, and the court at the same time reinstated the preliminary injunction theretofore granted upon the filing of the complaint and continued the same in force until the determination of the plaintiffs' said cross-appeal. This order was entered ex parte and without notice to the defendants. The case is here on both the direct and cross-appeal.

[1] Before proceeding to the specific propositions urged, it may be well to restate some general doctrines upon the subject involved. There is a general doctrine to the effect that parties to a cause which has been de-

cided upon the merits, and their privies, are barred and foreclosed by the judgment and are forever estopped from again litigating, between themselves, the same controversy. The doctrine extends further, and compels the parties to bring forward and present to the court every fact then existing in support of the claim or defense, and otherwise such fact is lost to the party who might have presented it, the same as if it had never existed. This doctrine is so fundamental as to require no exposition, and is familiarly called the doctrine of res adjudicata. Northern Pac. Ry. Co. v. Slaght, 205 U. S. 122, 27 Sup. Ct. 442, 51 L. Ed. 739; Stark v. Starr, 94 U. S. 477, 24 L. Ed. 278; Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Neil v. Tolman et al., 12 Or. 289, 7 Pac. 103; Jordan v. Van Epps, 85 N. Y. 427; Territory v. Santa Fe Pac. R. R., 10 N. M. 410, 62 Pac. 985; Board of County Commissioners v. Cross, 12 N. M. 73, 73 Pac. 615; Bank v. Lewinson, 12 N. M. 152 76 Pac. 288; Lockhart v. Leeds, 12 N. M. 161, 76 Pac. 312; First National Bank v. Town of Tome, 23 N. M. 255, 167 Pac. 733.

[2] Where a suit is brought to determine a public right, involving a matter of general interest, as, for example, the suit of Martinez as a resident and taxpayer in behalf of himself and all others similarly situated, to enjoin the issuance of courthouse and jail bonds by Harding county, all citizens and taxpayers of the county are parties to the proceeding by representation, and are bound by the judgment, not only as to matters which were litigated, but also as to matters which existed at the time and which could have been litigated in the case, the same as the actual formal parties on the record, regardless of whether they had actual notice of the pendency of the suit or not. Greenburg et al v. City of Chicago, 256 Ill. 213, 99 N. E. 1039, 49 L. R. A. (N. S.) 108; Harmon v. Auditor, 123 Ill. 122, 13 N. E. 161, 5 Am. St. Rep. 502; People ex rel. Gibbons v. Clark et al., 296 Ill. 46, 129 N. E. 583; Pear v. City of East St. Louis et al., 273 Ill. 501, 113 N. E. 60; notes, 49 L. R. A.

(N. S.) 108; 20 A. L. R. 1133; Van Fleet's Former Adjudication, vol. 2, § 570, and volume 1, pp. 311 and 312; City of Dallas v. Armour & Co. (Tex. Civ. App.) 216 S. W. 222; Williams et al v. City of Hayti (Mo. Sup.) 184 S. W. 470; Whiddon v. Fletcher et al., 150 Ga. 39, 102 S. E. 350; Bear v. Board of County Commissioners of Brunswick County, 122 N. C. 434, 29 S. E. 719, 65 Am. St. Rep. 711, and note; Sauls v. Freeman, 24 Fla. 209, 4 South. 525, 12 Am. St. Rep. 190, and note; People v. Holladay, 93 Cal. 241, 29 Pac. 54, 27 Am. St. Rep. 186, and note.

[3] The binding effect of such a judgment upon parties to the proceeding by representation may be avoided only for fraud, collusion, or mistake in its prosecution. Bear v. Board of County Commissioners, 122 N. C. 434, 29 S. E. 719, 65 Am. St. Rep. 711, and note; Sauls v. Freeman, 24 Fla. 209, 4 South. 525, 12 Am. St. Rep 190, and note.

[4] Counsel for plaintiffs seek to deny the application of the foregoing doctrines upon several grounds. They say they had no actual notice of the former proceeding until after the final judgment of this court. As before seen, actual notice is not necessary. But they argue that the former proceeding was not prosecuted in good faith, and hence they are not bound. In this connection it is to be remembered that this claim is founded upon the allegations of the reply to the answer, to which the demurrer was interposed. It will be seen from an examination of the allegations of the reply, heretofore quoted, that the substance and effect of the allegations is that the suit was a friendly suit, and the plaintiff was, in fact, desirous that the validity of the bonds should be established. If a real controversy existed, as it evidently did in this case, as to the validity of these bonds, the action of a qualified person in behalf of himself and others represented by him is not condemned by the law merely because the suit is a friendly suit, but, on the other hand, the law commends such action. 1 C. J. p. 974; Parker v. State, 132 Ind.

419, 31 N. E. 1114; State v. Dooley, 82. Kan. 533 108 Pac. 846; Ex parte Steele (D. C.) 162 Fed. 694; Adams v. Union R. R. Co., 21 R. I. 140, 42 Atl 515, 44 L. R. A. 273. The personal desires of the parties as to the result of the litigation are of no moment, provided no fraud or collusion is resorted to. Parker v. State, 132 Ind. 419, 31 N. E. 1114; Cotting v. Godard, 183 U. S. 79, 22 Sup. Ct. 30, 46 L. Ed. 92; Ex parte Steel (D. C.) 162 Fed. 694. The allegation of the reply that the plaintiff in the former suit did not make or intend to make a bona fide representation of the rights of the taxpayers is a mere generality, tendering no issue of fact, and referring, if to anything in the case, to the personal attitude of the plaintiff toward the result of the litigation, which, as we have seen, is entirely immaterial. If the allegation had been that the plaintiff had purposely refrained from presenting some matter or matters to the court of import in the determination of the suit, thus showing fraud and bad faith, the situation would be entirely different. But no such allegation or intimation is contained in the reply. It follows, therefore, that the court was in error in overruling the demurrer to the reply.

[5] The plaintiffs argue that this is a new cause of action, different from that litigated in the former suit, and for that reason they are not barred by the former judgment. The argument proceeds along the line that in this case it is alleged that the proposed action of the county commissioners is in violation of section 11, of the Harding county act, which requires the establishment bonds to be first issued before the courthouse and jail bonds could be lawfully issued, which fact was not alleged in the former suit. This argument is clearly inadequate. This fact, if it is a fact, existed at the time the former suit was adjudicated, and, if it was not presented, it was lost to the parties the same as if it did not exist. If it had been alleged in the reply that, at the time of the institution of the former suit, it was pro-

posed by the board of county commissioners to issue the courthouse and jail bonds after having first issued the establishment bonds, but that at the time of the filing of the present suit they were proposing to issue the courthouse and jail bonds without first having issued the establishment bonds, a new fact and situation would be presented to the court, and it might well be held, under such an allegation, that a new cause of action was stated. But, as we have seen, no such allegation is made, and the argument of plaintiffs is therefore without merit. See, for specific application of this doctrine to the injunction cases, Van Fleet, Former Adjudication, vol. 1, p. 310; Porter v. Morere, 30 La. Ann. 230; McMicken v. Morgan, 9 La. Ann. 208; Bank of United States v. Schultz, 3 Ohio 61; Terre Haute, etc., R. R. Co. v. Peoria, 182 Ill. 501, 55 N. E. 377; Bass v. Nelms, 56 Miss. 502.

[6] Upon the cross-appeal of plaintiffs taken to review the action of the court in refusing them a perpetual injunction, there is clearly no merit in their contention. In order to sustain the position of plaintiff we would be compelled to reconsider and overturn our holding in the Martinez Case, for which we have been presented with no sufficient reasons. We have re-examined that case, and are entirely satisfied with the conclusion there reached.

[7] The action of the trial court upon the granting of the cross-appeal in awarding a new injunction was absolutely void for two reasons: In the first place, there was no jurisdiction of the persons of the defendants, the order being made without notice to them. The action taken was in effect the granting of a new injunction, notice whereof, it will be conceded by all, was necessary. In the second place, the district court at that time had lost jurisdiction over the judgment in the case. An appeal had been taken and perfected in this court by the defendants, and all control over the judgment by the district court had ceased. Just how counsel for the plaintiffs could come to make an application

to the court of such a nature, and how the court could come to entertain such an application, is difficult for this court to understand. Knowing counsel and the court as we do, however, we attribute the action to inadvertence rather than contempt of the authority of this court.

It follows from all of the foregoing that the judgment of the district court is erroneous, and should be reversed, and the cause remanded, with directions to dissolve the injunctions heretofore issued in the case, and to dismiss the complaint; and it is so ordered.

BARNES, J., and RYAN, District Judge, concur.