[No. 3234.   March 11, 1927.]

[Rehearing denied May 9, 1927.]

STATE ex rel. HAAS et al. v. BOARD of COM'RS
of DE BACA COUNTY.

[259 Pac. 37.]

### SYLLABUS BY THE COURT

Section 17, chapter 11, Laws 1917, is inoperative and
does not authorize De Baca county to issue bonds for
courthouse and jail purposes.

. Appeal from District Court, De Baca County; Hatch
Judge.

Proceeding by the State, on the relation of G. L.
Haas and others, for themselves and all others simi-
larly situated, for mandamus to be directed to the
Board of County Commissioners of De Baca County.
From a judgement awarding the writ, defendant ap-
peals.   Reversed and remanded, with directions.

R. C. Dow, Atty. Gen., and C. M. Compton, Jr., of
Portales, for appellant.

J. E. Pardue, H. R. Parsons, K. W. Edwards, and
J. F. Kelton, all of Ft. Sumner, for appellee

### OPINION OF THE COURT

PARKER, C. J.   The district court of De Baca
county awarded a peremptory writ of mandamus
against the board of county commisioners of that
county, commanding them to construct for the county
a courthouse and jail at Ft. Sumner, which is the
county seat of that county.   The action of the court
was based upon the provisions of section 17, chapter
11, Laws 1917, which is the act creating the county
of De Baca.   Section 17 of that act is as follows:

''The county of De Baca may issue bonds for court-
house purposes to an amount not exceeding $30,000, and
for jail purposes to an amount not to exceed $7,500; which

---

[1] 15CJ p. 612 n. 61.

bonds shall be issued in manner as provided by the Constitution of New Mexico, payable absolutely 30 years from their date and at the option of said county 20 years from this date."

It appears that there is an urgent necessity for the construction of a courthouse in which to house the county offices and to protect the records of the county, and in which to hold the district court. It further appears that the board of county commissioners are willing to issue the bonds of the county for this purpose, but doubt their authority to so issue them without submitting the question to a vote of the people, as provided by section 10 of article 9 of the State Constitution. The Board does not otherwise resist the mandamus.

We have twice examined this question in connection with the courthouse and jail bonds of Harding county. Section 18, chapter 8, Laws 1921, is the same as section 17 of the De Baca county act above quoted, except in one important and controlling particular, which will be noted.

In Martinez v. Gallegos et al., 28 N. M. 170, 210 P. 575, we pointed out that the power granted by the Constitution to create new counties is of such a nature that, if any other constitutional provisions conflict with it, they must ordinarily yield to the former power. This case was re-examined in Floersheim v. Board of County Commissioners, 28 N. M. 330, 212 P. 451, and the doctrine there announced was adhered to. We see no reason to depart from our previous holdings.

In the Harding County Case, however, the statute provided that the bonds might be issued in accordance with the Constitution and laws of the state, while in the present case the statute provides merely that the bonds may be issued in the manner provided in the Constitution, omitting all reference to the laws of the state. De Baca county therefore is left without any directions as to the denomination and rate of interest of the bonds and other details which are pre-

JANUARY TERM, 1927          311

State ex rel. Haas v. Com'rs of DeBaca Co., 32 N. M. 309

scribed by the general statutes. This circumstance renders the statute creating the county inoperative in regard to the issuance of these bonds.

In Lanigan v. Gallup, 17 N. M. 627, 131 P. 997, we held that sections 12 and 13 of article 9 of the Constitution are not self-executing, and that cities, towns, and villages must proceed according to the statutes in such cases provided when issuing bonds. Section 10 of article 9 of the Constitution is in the same form, and therefore counties when proceeding to issue bonds for courthouse and jail purposes must proceed according to the general laws provided in such cases. The De Baca county act fails to authorize and direct the county to so proceed, and is consequently inoperative in this regard.

It is to be noted, however, that this conclusion in no way interferes with the power of De Baca county to incur indebtedness for courthouse and jail purposes in the same manner as all other counties in the state may do. It simply has no power to proceed under the act creating the county.

It follows that the judgment of the district court is erroneous and should be reversed and the cause re-remanded, with directions to set aside the judgment and to discharge the writ, and it is so ordered.

BICKLEY and WATSON, JJ., concur.