## HUMBLE OIL & REFINING CO. v. STATE TAX COMMISSION OF NEW MEXICO et al.
### No. 1179.

Circuit Court of Appeals, Tenth Circuit.
June 10, 1935.

J. M. Hervey, of Roswell, N. M., and J. O. Seth, of Santa Fe, N. M. (E. R. Wright, of Santa Fe, N. M., on the brief), for appellant.

G. L. Reese, Jr., of Carlsbad, N. M., pro se, and for appellees R. F. Love and D. C. Berry.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

The purpose of the appellant in this suit is to obtain a decree enjoining appellees, the New Mexico State Tax Commission, the Assessor and Treasurer of Lea County in that state, and the District Attorney in that part of the state, from assessing certain implements and appliances belonging to appellant which it needs and uses in the production and temporary holding and saving of oil from its oil wells in that county. It is alleged that the legislature of that state in 1925 passed a statute which included with the oil produced by appellant said implements and appliances and fixed a certain percentage of the oil produced and its market value at the wells where produced as covering for purposes of taxation said oil and said implements and appliances; that it has complied with that statute each year prior to the institution of this suit, and that the State Tax Commission threatens now to act contrary to the requirements of said statute and separately to levy additional taxes upon said implements and appliances.

The state tax commission in its answer admitted that it intended to tax appellant's implements and appliances as charged in the complaint. It also set up an affirmative defense. The other defendants, Love and Berry, respectively assessor and treasurer of Lea County, and Reese, District Attorney, demurred. Their demurrer was sustained and the bill dismissed. Then the plaintiff appealed. The case, argued and briefed here, presents only for consideration and interpretation the New Mexico statute (Laws 1925, c. 83) entitled, "An Act to Provide for the Taxation of the Output of Productive Oil Wells and Gas Wells."

Its first section requires every owner or operator of a producing oil or gas well to make quarterly reports to the state tax commission covering the operations of each well during the several three-month periods expiring on the last days of January, April, July and October. These reports must give the name and address of the owner or operator, the location and description of the property, the total quantities of oil and gas produced and on hand at the end of each quarter, the current market value of such oil or gas at the place of production, and any royalties paid or due on account thereof, and such other facts as may be required by the commission.

Section 2 provides that from the returns so made and other information that may be available the commission shall determine the net value of the output, being the market value at the well less royalties and less a further deduction of 50% as allowance for production costs and amortization, and the commission shall certify such net value to the assessor of the county in which such well is located as the taxable value of the output of such well.

Section 3 requires the assessor to enter such valuation upon a special tax roll and assess and extend the taxes thereon at the rates levied and assessed upon the last tax filed with the county treasurer upon other property in county and district in which the well is located and deliver such tax roll to the county treasurer.

Section 4 requires the county treasurer immediately upon the receipt of the tax roll to notify the owner or operator of the amount of such tax and that it is due and payable. If said taxes be not paid within 30 days of the date of the notice they become delinquent, bear interest and are subject to the same penalties as delinquent taxes upon real and personal property.

Section 5 reads thus:

"Taxes so collected shall be distributed in proportion to the various levies applicable to the district in which said oil or gas well is located. The tax provided herein shall be in lieu of all other taxes on such oil wells or gas wells or on their production."

Section 6 reads thus:

"The first return required for the year 1925 shall be made on or before the tenth day of August, 1925, and shall cover the period from January 1, 1925, to July 1, 1925, and thereafter returns shall be made quarterly as above specified. Taxes on the output of such oil wells or gas wells

for the period up to December 31, 1924, shall be covered by existing laws and not in any manner affected by this Act."

While the bill was on its passage and sections 5 and 6 were as quoted supra a floor amendment was made and the interpretation of the act is dependent upon the proper placing in the act of that amendment. The amendment proposed and adopted was this:

To "amend section 6 of Senate Bill No. 134, by changing the period at the end of said section to a comma and adding the following, 'and the equipment belonging to such owner or operator used in the operation of such well.'"

It is the contention of appellant that the Act is one of classification, covering for purposes of valuation both the oil and gas produced and the implements and appliances; that placing the amendment at the end of section 5 confirms that purpose, and placing it elsewhere in the Act would not leave to the amendment its force and effect. These contentions are resisted by counsel for appellees.

The District Judge was of the opinion that placing the amendment at the end of section 6 left it without meaning. He ruled that it should be placed in the body of section 6 after the comma at the close of the phrase "for the period up to December 31, 1924," so that the last sentence of that section would then read, "Taxes on the output of such oil wells or gas wells for the period up to December 31, 1924, and the equipment belonging to such owner or operator used in the operation of such well, shall be covered by existing laws and not in any manner affected by this act."

For reasons to be now stated we do not pass on the one issue argued here, because we seriously question whether another material issue was not raised by the separate answer of the state tax commission, and if so, both issues should have been disposed of. The commission did not join in the demurrer of the other defendants, and there is no saving clause in the order of dismissal of the bill retaining it and the commission's answer thereto for later disposition.

The answer seems to plead res judicata. It alleges that the commission proposes to tax appellant's equipment and appliances separately under direction of writ of mandamus issued out of the First Judicial District Court of the State of New Mexico in the cause of State of New Mexico, ex rel. Reese, District Attorney, v. State Tax Commission of New Mexico, and it attaches to said answer as an exhibit and part thereof the judgment rendered in that proceeding. It ordered the commission and the members thereof forthwith to procure proper forms to be used by all persons, corporations, and companies owning and operating producing oil and gas leases upon lands located in Eddy and Lea Counties, New Mexico, such forms to require said owners or operators to make a return under oath of all equipment, material, supplies and personal property held or used in connection with producing oil and gas wells in said county, and that the commission thereafter proceed in the manner required by law to determine the actual value of all such property and certify such value to the respective county assessors of Eddy and Lea counties, New Mexico, in time and manner required by law to the end that said property be placed upon the tax rolls of said counties for the year 1933 as required by law. There is no claim that this judgment and order was not final. See, 1 Freeman on Judgments (4th Ed.) § 178; 2 Black on Judgments, §§ 532, 584; Holt County v. Ins. Co. (C. C. A.) 80 F. 686, 688; Ransom v. City of Pierre (C. C. A.) 101 F. 665; Ashton v. City of Rochester, 133 N. Y. 187, 30 N. E. 965, 31 N. E. 334, 28 Am. St. Rep. 619; Floersheim v. Board of Com'rs, 28 N. M. 330, 212 P. 451. No reference was made in briefs and arguments here to the principle discussed and ruled on in the foregoing authorities.

Reserving opinion on both issues, that raised by the demurrer and that seemingly raised by separate answer, we think appropriate procedure requires an order remanding the cause with directions to vacate the order sustaining the demurrer and dismissing the bill, and thereafter to dispose of both issues as the court in its judgment shall be advised. The parties will bear the costs which they respectively incurred on this appeal.

It is so ordered.