

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Homer Garrison, Jr., Director
Texas Department of Public Safety
Camp Mabry
Austin, Texas

Attention:  Driver's License Division

Dear Sir:

Opinion No. O-6747

Re: Whether the present war has
so concluded as to terminate
the provisions of Senate Bill
119, Forty-eighth Legislature,
1943.

         We have received your letter of September 4, 1945,
which reads in part as follows:

         "Section 5, of Article 6687a, reads:  'Special
Restrictions on Drivers of School Buses and Public
or Common Carrier Motor Vehicles--No person who is
under the age of twenty-one (21) years shall drive
any motor vehicle while in use as a school bus for
the transportation of pupils to or from school, nor
any motor vehicle while in use as a public or common
carrier of persons nor in either event until he has
been licensed as a chauffeur.'

         "This section was amended by Emergency Senate
Bill No. 119, which reads:  'Until the conclusion
of the present war with Germany, Italy, and Japan,
persons seventeen (17) years of age and over who
have been licensed as chauffeurs by the Department
of Public Safety shall be authorized to drive any
motor vehicle while in use as a school bus for the
transportation of pupils to and from school; or any
motor vehicle in use as a public or common carrier
of persons; providing that any person under twenty-
one (21) years of age who drives said school buses
must be recommended by the County Superintendent
and local School Principal, and all statutes now

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

prohibiting the operation of such motor vehicles by persons under the age of twenty-one (21) years are suspended until the conclusion of hostilities. Provided, however, that this Act will not apply to drivers of vehicles operated under permit or certificate issued by the Railroad Commission of Texas.'

"We would appreciate very much receiving an opinion from you as to whether or not Senate Bill No. 119 is still in effect, and if so, when it will expire.

"We would also like to have an opinion as to whether a license issued under the provisions of Senate Bill No. 119 would be valid until the date of expiration shown on the license (one year from date of issuance) or would this license terminate upon the expiration of the emergency provision of Senate Bill No. 119."

Many wartime statutes, both state and federal, contain provisions for their termination effective upon "the conclusion of the present war", or "until the conclusion of hostilities." These two terms, when used separately, may indicate different times; but when the Legislature places them both in the same statute referring to the same subject, the two provisions were meant to indicate the same time. In order to determine this time, we shall look to the intent and purpose of the Legislature in passing this Act and the facts existing at the time of its passage. In Section 2 of Senate Bill 119, 48th Legislature (1943), supra, the Legislature clearly explains the reason the Act was passed, in the following words:

"Section 2. The fact that it is becoming increasingly more difficult for operators of motor vehicles in use as common or public carriers of persons to obtain operators twenty-one (21) years of age or over, the fact that many school buses cannot now be operated in compliance with our statutes, and the crowded condition which now exists in such school buses and public carriers creates an emergency and an imperative public necessity that

Hon. Homer Garrison, Jr., Page 3

the Constitutional Rule requiring bills to be read
on three several days in each house be suspended,
and the same is hereby suspended, and this Act shall
take effect and be in force from and after its passage;
and it is so enacted."

Thus it is seen that due to the necessities of the
military and essential industry, there existed at the time
this Act was passed a shortage of operators over the age of
twenty-one (21) years. To alleviate this condition, the Legis-
lature lowered the age limit to seventeen (17) years, and it
is only reasonable to presume that the Legislature did not
intend to terminate the effect of this Act upon the cessation
of actual fighting in the various theaters of war because the
existing condition of a shortage of bus operators would not
terminate simultaneously therewith, and the processes of mili-
tary demobilization, the remedy for said shortage, cannot
completely transpire until many months after the actual con-
clusion of hostilities.

It is well settled that a war is not concluded in
the legal sense until some formal action by a competent au-
thority terminating the war and re-establishing peace is had.
Hamilton v. Kentucky Distilleries and Warehouse Company (1919)
251 U. S. 146; Kahn v. Anderson (1920), 255 U. S. 1; In Re
Miller, (1922) 281 Federal 764, 766, 262 U. S. 760; Vincenti
v. U. S. (1921) 272 Federal 114; Weisman v. U. S. (1921) 271
Federal 944; The Protector (1871) 12 Wall. (U. S.) 700; Ex
parte Givins (1920) 262 Federal 702, 705; Kneeland-Bigelow
Company v. Michigan Central Railroad Company (1919) 207 Michi-
gan 546, 553; State v. Dixon (1923) 66 Montana 76, 99.

Further, it is the province of the political depart-
ment, and not of the judicial department, of the Federal Govern-
ment, to determine when war is at an end. 20 L. ed. 463; Per-
kins v. Rogers, 35 Ind. 124, 9 Am. Rep. 639; 67 Corpus Juris
429. To date, neither Congress nor the President has formally
declared the war's conclusion.

As specifically stated in Kneeland-Bigelow Company
v. Railroad Company, 207 Michigan 553, "War, in the legal sense,

Honorable Homer Garrison, Jr., Page 4

continues until, and terminates at the time of, some formal confirmation of peace by an authority competent to proclaim it. It is the province of the political department, and not of the judicial department, of government to determine when war is at an end, and a legislative act designating a particular day as that upon which a war closed should be accepted by the courts. In the United States, the power to reestablish peace, like that to declare war, rests exclusively with Congress, and the President has no such authority except as has been given him by Congress."

It is our opinion, therefore, that the present war has not yet legally concluded and cannot be considered as concluded in the legal sense even though actual hostilities are at an end. Senate Bill 119 will not expire until the Congress of the United States, or the President by authority of Congress, formally proclaims the termination or conclusion of the present war. Answering your second question with respect to the date of termination of the license, it is our further opinion that said licenses terminate upon the expiration of the emergency provisions of Senate Bill 119 at the time indicated above.

We trust this satisfactorily answers your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Eugene Alvis*
Eugene Alvis
Assistant

By *Jack K. Ayer*
Jack K. Ayer
R. & E. Assistant

APPROVED 26, 1945
ATTORNEY GENERAL OF TEXAS

JKA:RLT


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN